# WILLIAM A. SMITH·v. JOHN ˙W. BERRYMAN et al., Appellants.

### In Banc, December 1, 1917.

1. **DAMAGES IN MANDAMUS:** Against Respondents After Peremptory Writ. In a proper situation an independent action for damages will lie to plaintiff in an antecedent mandamus proceeding. Having obtained his peremptory writ plaintiff may, if he show that the return made to the alternative writ by the respondent in the mandamus proceeding was false, have the damages which have accrued to him by reason of such false return assessed either (1) in the mandamus proceeding itself or (2) in ˙an independent action brought for that purpose. But absent a false return, no damages, except costs (and they subject to the court's order), can be recovered in any action brought by relator in the mandamus proceeding against the respondents therein.

    *Held,* by WILLIAMS, J., with whom BLAIR, J., concurs, that whether or not a relator seeking to recover damages resulting from a false return in a mandamus suit must recover his damages in the mandamus proceeding or may proceed in a separate action as in the ancient common law manner of a suit upon a false return, is not for decision in this case, because no mention of a false return is made in the petition, nor does the evidence show that a false return was in fact made, and consequently such question is not for determination in this action.

2. ———: ———: **False Return.** Within the purview of the common law, and of the present statute (Secs. 2547, et seq., R. S. 1909), ño recoverable damages accrue to the relator for that he was compelled to bring mandamus, ünless the respondent by making a false return, and thereby raising a false issue of fact, as contradistinguished from pure issues of law, puts the relator to vexation and expense in disproving such false issue of fact. The only difference between the common law and statutes in this respect is that at common law damages were assessed in a separate action, but under the statute they may be assessed in the mandamus proceeding or by independent action; but neither at common law could relator, nor under the˙ statute can he, recover damages unless there was or is a false return.

3. ———: ———: **Insufficient Return.** A statement in the peremptory writ issued by the Court of Appeals that respondents in the mandamus case "returned to said court an insufficient cause" for re-·

fusing to affirmatively obey the alternative writ, is not a finding, or evidence, that the return was false.

4. ———: ———: **Statement in Opinion.** If it be true that the Court of Appeals in its opinion in the mandamus case found that the return made by respondents to the alternative writ was false, that fact cannot be considered in the trial of the action for damages, nor by the Supreme Court on appeal, unless that opinion is offered in evidence.

5. ———: ———: ———: **Judicial Notice.** A court does not judicially notice the facts in the record of another and different case—even if determined in the same court.

6. ———: ———: **Failure to Perform Ministerial Duty: Waiver.** In an action based on the theory that plaintiff is entitled to damages which have accrued to him at common law by reason of the refusal of respondents in his mandamus suit to perform a ministerial duty, in that, as mayor and city councilmen, they refused to grant him a license to keep a dramshop, he cannot recover, because no such action existed at common law, and none has been created by statute. By asking for his writ of mandamus, relator was compelled to admit, and by operation of law did admit, that he had no adequate remedy by any other action or proceeding.

    *Held*, by WILLIAMS, J., concurring, with whom BLAIR, J., concurs, that plaintiff, having elected to proceed by mandamus to compel the performance of a ministerial duty, thereby abandoned or waived whatever right he theretofore had to bring a common law action for damages resulting from the original refusal of the defendants to perform such ministerial duty.

7. ———: **Action at Law: Discretion.** The extraordinary prerogative writ of mandamus issues from the law side of the court, but it has at least one attribute in common with extraordinary writs of equity jurisdiction, namely, its issuance is within the court's legal discretion.

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing,*
Judge.

REVERSED

*David W. Hill* for appellants.

(1) The plaintiff brought this mandamus suit, the defendants made due return to the alternative writ, the facts were agreed upon in writing by both parties in the mandamus case and the relator filed his motion for a

peremptory writ, which motion was in affect a demurrer. The motion was sustained and the mandamus case, therefore, was disposed of upon a demurrer, and there is no foundation for this action as upon a false return, and defendants' demurrer to the evidence should have been sustained. State ex rel. v. Ryan, 2 Mo. App. 303; Secs. 2550, 2551, R. S. 1909; Achey v. Creech, 21 Wash. 319. (2) Plaintiff having had the right to plead and recover damages in his mandamus proceeding, cannot, after having prosecuted to a final judgment his action, for mandamus, institute this, a second action and recover damages. Achey v. Creech, 21 Wash. 319. (3) Under no circumstances could plaintiff recover coun sel fees or other trial expenses, because the plaintiff, if entitled to recover any damages, is limited by the statute to those recoverable in an action as for a false return. People v. Railroad, 102 N. Y. Supp. 385.

*N. A. Mozley* and *Ernest A Green* for respondent.

(1) Appellants had only a ministerial duty to perform in granting respondent's application for a dramshop license. The only authority and power which appellants, as members of the city counsel of Poplar Bluff, had with reference to the granting of dramshop license was "to levy and collect a license tax on liquor sellers." When the license tax was paid by respondent, he was entitled to the grant of a license and it was the ministerial duty of appellants to grant same. Sec. 9253, R. S. 1909 (Sec. 5857, R. S. Mo. 1899, amended, Laws 1907, p. 98); State ex rel. Smith v. Berryman, 142 Mo. App. 373, 379; Joplin v. Jacobs, 119 Mo. App. 134; Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65; 29 Cyc. 1442; Montpelier v. Mills, 171 Ind. 175; Bennett v. Whitney, 94 N. Y. 302; Amy v. Supervisors, 11 Wall. 136. (2) Respondent is entitled to recover the damages sustained by him by reason of the failure and refusal of appellant to perform their ministerial duty towards him. An officer is liable in damages to the person injured, for his failure to perform a ministerial duty. State ex rel. v. Adams, 101 Mo. App. 468; Steadley v. Stuckey, 113 Mo. App. 582;

Insurance Co. v. Leland, 90 Mo. 177; State ex rel. v. Green, 124 Mo. App. 88; Baltimore County Comrs. v. Baker, 44 Md. 1. (3) Respondent had the right to recover his damages in a separate action, and was not precluded from doing so because he did not plead and claim them in the original mandamus proceedings. Sec. 2251, R. S. 1909; State ex rel. v. Adams, 101 Mo. App. 471; Steadley v. Stuckey, 113 Mo. App. 582; Insurance Co. v. Leland, 90 Mo. 184; Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65; People ex rel v. President etc. Wappinger Falls, 45 N. Y. Supp. 344, 151 N. Y. 386; McClure v. Scates, 67 Pac. 85; Railroad v. Larabee, 234 U. S. 474; Gardner v. Gas & Electric Co., 154 Mo. App. 674.

FARIS, J.—This is an action for damages brought by plaintiff against the defendants, for that defendant Berryman, as mayor, and the other defendants as members of the city council of the city of Poplar Bluff, refused to grant to plaintiff a license to keep a dramshop in a certain building in the city of Poplar Bluff. Upon the trial *nisi* plaintiff recovered judgment for the sum of $150. From this judgment, after the conventional motions, defendants appealed to the St. Louis Court of Appeals. Therein an opinion was written in the case by Judge REYNOLDS, wherein Judges NORTONI and ALLEN concurred. [Smith v. Berryman, 173 Mo. App. 148.] But the learned St. Louis Court of Appeals deeming the views held by them to be contrary to an opinion by the Springfield Court of Appeals, in the case of Gardner v. Gas & Electric Co., 154 Mo. App. 666, ordered that the cause be certified to this court for determination, pursuant to the Constitution, in such cases provided.

Since the facts are to be found in Smith v. Berryman, supra, and in State ex rel. v. Berryman, 142 Mo. App. l. c. 378, we need not cumber the books with a very lengthy recital of them. Suffice it to say that some years ago plaintiff herein presented to the mayor and town council of Poplar Bluff, composed then, as before stated, of these defendants, an application for

a license as a dramshop keeper.  Defendants herein re-
fused to grant plaintiff such license.  Thereupon, plain-
tiff brought his action in mandamus to compel defend-
ants to issue a dramshop license to him.   Ultimately,
this mandamus proceeding was ruled by the learned
Springfield Court of Appeals in such wise as that a per-
emptory writ of mandamus was ordered therein, which
writ defendants promptly proceeded to obey, and issued
the license to plaintiff, as originally prayed for by him.
[*Vide,* State ex rel. v. Berryman, 142 Mo. App. l. c. 378.]

Thereafter the instant action was brought, and
plaintiff, as stated, had judgment herein for $150.  Upon
defendants' appeal to the St. Louis Court of Appeals,
that court reversed the judgment *nisi,* but deeming their
opinion herein to be in conflict with an opinion by the
Springfield Court of Appeals they ordered the case sent
up to us, and it becomes our duty to rule it here in all
respects as if it were a case wherein our appellate
jurisdiction is original.

Further facts which we do not state will be found
in the several opinions of the courts of appeals at the
citations stated, but we reserve the right to refer to such
of these facts as are necessary, or which we may find
to be cogent in our discussion of the case.

We are of the opinion that in a proper situation an
independent action will lie for damages accruing to a
plaintiff in an antecedent mandamus pro-

**Damages
in Mandamus.**

ceeding; that such plaintiff having ob-
tained his peremptory writ, may, if he
show that the return made to the alterna-
tive writ by the respondent in the mandamus proceed-
ing was false, have his damages, which have accrued to
him by reason of such false return, assessed either  (a)
in the mandamus proceeding itself, or  (b) in an inde-
pendent action brought directly for that purpose.  But
we are also of the opinion that, absent a false return, no
damages, except ordinary costs (and these subject to
the court's order), can be recovered in any action
brought by the relator in the mandamus action against

the respondents in such action. We think an examination into the common-law history of the proceeding by mandamus clearly demonstrates the correctness of this view.

At common law no issue of fact could be raised upon the return of the respondent to the alternative writ in mandamus. The return was the ultimate pleading in the case, and was conclusive upon the relator, whether such return was true or false, and therefore such return raised nothing but pure questions of law, which went solely to the legal sufficiency of the return. However, if such return were false, an independent ancillary action lay against the respondent for making a false return. If, upon a trial of such latter action, the relator in the mandamus proceeding recovered damages for the making of the false return, he thereby became also entitled *ipso facto* to his peremptory mandamus. [18 R. C. L. 347.] Such a circuitous proceeding being cumbersome and unsatisfactory, the Statute of 9 Anne, ch. 20, was passed in England to abolish it. [18 R. C. L. 347; State ex rel. v. Ryan, 2 Mo. App. l. c. 307.] This statute was adopted substantially, if not literally, in this State in 1825. [Sections 1, 2, 3, and 4, p. 522, Laws 1825.] The second and third sections of the original Missouri act adopting the Statute 9 Anne, read thus:

"Sec. 2. Be it further enacted, That when any writ of mandamus shall be issued out of any court of this State, and return shall be made thereunto, it shall be lawful for the person or persons suing or prosecuting such writ, to plead to or traverse all or any of the material facts contained in such return—to which the person or persons making such return shall reply, take issue, or demur; and such further proceedings, and in such manner, shall be had therein, for the determination thereof, as might have been had if the person or persons suing such writ had brought his or their action on the case for a false return. And if any issue shall be joined upon such proceedings, the person or persons suing such writ shall and may try the same, in such place, as an issue joined on such action on the case should or might have been tried; and in case a verdict should be found for the per-

son or persons suing such writ, or judgment given for him or them upon a demurrer, or by *nil dicit,* or for want of a replication or other pleading, he or they shall recover his or their damages and costs, in such manner as he or they might have done in an action on the case as aforesaid; and such damages and costs shall and may be levied by execution, as in other cases—and a peremptory writ of mandamus shall be granted, without delay, for him or them for whom judgment shall be given, as might have been if such return had been adjudged insufficient; and in case judgment shall be given for the person or persons making such return to such writ, he or they shall recover his or their costs of suit, to be levied in manner aforesaid.

"Sec. 3. Be it further enacted, That if any damages shall be recovered, by virtue of this act, against any person or persons making such returns to such writ as aforesaid, he or they shall not be liable to be sued in any other action or suit, for the making such return, any law, usage or custom to the contrary notwithstanding."

The above provisions have been carried forward in our statutes practically unchanged in substance, and without any material changes even in verbiage. The Legislature has contented itself with dividing the pronouncement into more convenient sections. [Cf. Secs. 2547, 2548, 2549, 2550, 2551 and 2554, R. S. 1909.] While the meaning of section 2551, supra, is not as clear as it might have been made, we are of the opinion that read in the light of the common-law history of mandamus, as well as in the light thrown upon the meaning thereof by section 2554, supra, which was section 3, supra, of our original enactment, it is fairly apparent that no action lies for damages, *absent a false return.* In short, that within the purview of both the common law and of our present statute, no recoverable damages accrue to the relator for that he was compelled to bring mandamus, unless the respondent by making a false return, and thereby raising a false issue of fact, as contradistinguished from pure issues of law, puts the relator to vexation and expense in disproving such false issue of fact. In such cases, and in no other, can a successful relator in mandamus recover

damages. In other words, if there is no false return, no damages can be recovered. If there is a false return, damages therefor may be recovered either in the mandamus proceeding itself, or by an independent action brought solely for that purpose. As forecast above, Section 2554, supra, strongly (in the light of the common law, conclusively) points to this view. For the latter section says that if damages "shall be recovered, by virtue of this article [referring specifically to section 2551, supra], against any person *making return to such writ* he shall not be liable to be sued in any other action or suit *for making such return.*" (Italics are ours.) [State ex rel. v. Ryan, 2 Mo. App. l. c. 308.] Since therefore at common law, the only possible mode of procedure in case of a false return was to sue for damages therefor in a separate action, the language of Section 2554, supra, is seen to be a conditional abrogation of the common law, that is to say, said section took away the existing common law right to a separate action for damages, only in the event that those damages had been previously recovered in the mandamus suit. It will be noted that the above statutory provision for the independent action for damages thus negatively allowed, is not bottomed on any *wilful refusal to do* the thing which the mandamus commanded, but "for *making such return,*" i. e., for making the false return, and by such false return putting the relator to trouble and expense to disprove the same.

While liability for neglect or refusal to perform or for misfeasance or malfeasance in the performance of simple ministerial duties is concededly a living part of the law, we think this view is in consonance with the policy of this State and tends to safeguard ministerial, and even judicial officers in their ministerial functions, in the performance of the duties which they owe to the public, and makes for freedom from personal financial constraint in the exercise of their official discretion. If an officer is to be put in fear of financial loss at every exercise of his official functions, manifestly the interest of the public will inevitably suffer from the too complacent attitude thus engendered.

So much having been said upon the general rule, how stands this case upon the concrete facts? Manifestly, plaintiff cannot recover, unless he shows that defendants made a false return to the antecedent alternative writ of mandamus. There is no evidence upon this record that they did so. For while the peremptory writ was offered upon the trial *nisi* of the instant case, the opinion of the Springfield Court of Appeals, which sets forth the facts and the legal reasons for the issuance of this writ, was not offered. This peremptory writ, which is before us, referring to the return, plainly says that defendants (respondents in the mandamus case) "*returned to said court an insufficient cause*" for refusing to affirmatively obey the command of the alternative writ. It nowhere says that respondents in the mandamus proceeding *made a return which was false*. It may be that the learned Springfield Court of Appeals so found, and so ruled in the opinion which they filed in the mandamus proceeding, but that opinion was not offered below in this case, and so it is not before us; since we do not judicially notice the facts in the record of another and different case. We notice the law in all cases; we notice the record here even upon successive appeals in the same case (Keaton v. Jorndt, 259 Mo. l. c. 189), but we do not notice the record of one case upon the hearing of another and different case (Banks v. Burnam, 61 Mo. 76), even in our own court. *A fortiori* the rule prevents us from noticing the facts set out in an opinion of one of the Courts of Appeals in any given case when we are considering here a separate and independent case. [Haber v. Klauberg, 3 Mo. App. 342.] If there were any showing upon the record before us that the return made by defendants here, who were the respondents there, was false, then the other question would arise touching whether the sum recovered is made up of proper elements of damage. As the case now stands there is no evidence whatever that defendants here, made in their capacity as respondents in the mandamus case any false return whatever. Such showing as there is, clearly demonstrates that the show-

ing made by them was true, but merely insufficient as a matter of law.

But plaintiff urges that his action is not under the statutes relating to the procedure in mandamus, which statutes we quote; he contends that he is suing at common law to recover the damages which have accrued to him by reason of the refusal of defendants to perform a ministerial duty. He correctly characterizes his pleadings but the answer is still the same; he cannot recover. No such action existed at common law *following the issuance of a peremptory writ in mandamus,* and none (as we have labored to show by our brief examination into the common-law history of mandamus) has been given by our statute, save and except such damages as directly flow from a false return.

The cases cited to us by learned counsel, as is so clearly pointed out by Judge REYNOLDS (Smith v. Berryman, 173 Mo. App. l. c. 161), are not in point, and are readily to be distinguished from the situation confronting us. Those cases simply hold that an action will lie against an officer whose duty it is to perform, but who refuses to perform, a ministerial act. There can be no doubt upon this point, and no one would be so bold as to contend otherwise, especially in a case which does not call for the exercise of official discretion. If the rule were not so, no suit would lie against an officer upon his official bond by a citizen, injured by a failure to correctly or timely perform a ministerial duty.

The writ of mandamus is an extraordinary prerogative writ, and, while it issues from a law court, or the law side of our circuit courts (Ward v. Gregory, 7 Pet. 633), it has at least one attribute in common with the extraordinary writs of equity jurisprudence, in that its issuance is within the court's legal discretion. This discretion requires a refusal of the writ, if the petitioner therefor have any other adequate remedy by which he may redress the wrong of which he complains. Therefore if the petitioner bring mandamus, he thereby tacitly admits that he has no adequate remedy by any other action or proceeding. The bringing of the man-

damus suit is therefore logically an election between remedies which are antagonistic to each other. [State ex rel. v. Slavonska Lipa, 28 Ohio St. 665; 19 Am. & Eng. Ency. Law, 904.] Petitioner may not have both his remedy by mandamus *to compel the doing* of a ministerial act, and his action for damages for the refusal *to perform such act,* unless some statute gives him both of these remedies. In some jurisdictions the statutes seem to allow both remedies (Trust Co. v. Finney, 93 Kan. 302), but, as we have already ruled, this is not true in the case of our own statute on the subject. At common law an applicant for mandamus never had both remedies, except upon a condition, and that condition was that his adversary should make a false return, and the reason back of that condition was that the petitioner was concluded by such return. As stated, the Statute 9 Anne, Chap. 20, and our own statute, which is a rescript thereof, simply had the effect to change the cumbersome circumlocution of the procedure. It permitted a traverse of the return and allowed damages to be recovered for a false return in the mandamus proceeding itself.

Neither the research of learned counsel has found for us, nor have our own somewhat exhaustive investigations of the question unearthed a single case at common law, wherein an action for damages has been allowed, absent a false return, *after the granting of relief by the issuance of a peremptory writ of mandamus.* On the other view what was said by Mr. Chief Justice Taney, in the case of Kendall v. Stokes, 3 How. l. c. 100, seems apposite:

"This objection applies with still more force, when, as in this instance, the party has proceeded by mandamus. The remedy in that form, originally, was not regarded as an action by the party, but as a prerogative writ commanding the execution of an act, where otherwise justice would be obstructed; and issuing only in cases relating to the public and the government; and it was never issued when the party had any other remedy. It is now regarded as an action by the party on whose

relation it is granted, but subject still to this restriction, that it cannot be granted to a party where the law affords him any other adequate means of redress. Whenever, therefore, a mandamus is applied for, it is upon the ground that he cannot obtain redress in any other form of proceeding. And to allow him to bring another action for the very same cause after he has obtained the benefit of the mandamus, would not only be harassing the defendant with two suits for the same thing, but would be inconsistent with the grounds upon which he asked for the mandamus, and inconsistent also with the decision of the court which awarded it. If he had another remedy, which was incomplete and inadequate, he abandoned it by applying for and obtaining the mandamus. It is treated both by him and the court as no remedy. Such was obviously the meaning of the Supreme Court in the opinion delivered in the former suit between these parties, where they speak of the action on the case, and give him the mandamus, because the other form of action was inadequate to redress the injury, and they would not therefore require the plaintiffs to pursue it.''

The demurrer to the evidence ought to have been sustained and the case should be reversed without remanding. Let this be done.

*Graves, C. J., Bond, Walker* and *Woodson, JJ.,* concur; *Williams, J.,* concurs in separate opinion, in which *Blair, J.,* concurs.

WILLIAMS, J. (concurring)—I concur in the result of the majority opinion and in that portion thereof which holds that the plaintiff, having elected to proceed by mandamus to compel the performance of a ministerial duty, thereby abandoned or waived whatever right he theretofore had to bring a common law action for damages resulting from the original refusal of the officer to perform such ministerial duty.

As to the other question, whether or not a person seeking to recover damages resulting from a *false return* in a mandamus suit must recover his damages in the

mandamus proceeding or may proceed in a separate suit as in the ancient common law manner of a suit upon a false return, I express no opinion, because such question is not lodged in this case. The petition in this case *does not* seek damages arising from a false return. *No mention of false return is made in the petition nor does the evidence in this case show that a false return was in fact made.*

It therefore follows that the question as to which way and how he must travel when he does so seek, whether he must go the modern way pointed out by statute (Sec. 2551, R. S. 1909) and have his damages assessed in the mandamus proceeding or if he prefer, go the "*obsolete*" way (Merrill on Mandamus, sec. 268, page 334), as by independent suit upon a false return, is an interesting question, but one which we need not and therefore should not now determine.

*Blair, J.,* concurs herein.