**Florence K. ARATA and Carmen V. Arata, Plaintiffs-Appellants,**

v.

**MONSANTO CHEMICAL COMPANY, a Corporation, Defendant-Respondent.**

No. 48554.

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1961.

Motion for Rehearing or for Transfer to Court en Banc Denied Dec. 11, 1961.

Carroll J. Donohue, Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, for plaintiffs-appellants.

Coburn, Croft & Cook, Richmond C. Coburn, Alan C. Kohn, Edwin J. Putzell, Jr., St. Louis, for defendant-respondent.

HOLMAN, Commissioner.

In this action plaintiffs sought to recover from defendant actual and punitive damages in the total sum of $200,000. The defendant's motion to dismiss plaintiffs' amended petition was sustained and a judgment of dismissal was entered accordingly. Plaintiffs have duly appealed.

Plaintiffs alleged in their amended petition that they were the owners of certain land located in St. Louis County, Missouri; that defendant had acquired 152 acres of land on the east side of Lindbergh Boulevard and 100 acres on the west side thereof and had erected thereon certain offices, laboratories, and other buildings; that from and after 1953 defendant had repeatedly sought to purchase or lease all or a portion of plaintiffs' tract of land for use in connection with its operations in that vicinity; that defendant announced that it intended to build an overpass over Lindbergh Boulevard south of Olive Street Road for its convenience in the integration of its operations in that area; that negotiations for the purchase or lease of plaintiffs' property by defendant were not successful and said negotiations were terminated by defendant on April 14, 1957.

It was further alleged by plaintiff that "thereafter, the State Highway Commission of the State of Missouri did file a petition for the condemnation of certain property in the Circuit Court of St. Louis County, Missouri, the alleged purpose of which condemnation was for the construction of a cloverleaf traffic exchange on U. S. Highway 66 and the relocation of Olive Street Road approximately eight hundred feet (800') south of its then intersection with the said Lindbergh Boulevard and which purpose was alleged to be public in nature but which purpose was solely to place said road at a point where it could serve as a convenient mode of ingress and egress for defendant and not for a public purpose. The said petition included the following described property owned by the plaintiffs [description omitted]; * * * that said condemnation was not for a public purpose but was for a private purpose, in that the condemnation was undertaken for the purpose and with the intention of facilitating and integrating the development of defendant, Monsanto Chemical Company, in the vicinity of Lindbergh Road and Olive Street Road by affording a large and convenient mode of ingress and egress to defendant's property. Plaintiffs further state that the facts concerning said road and its private use was not revealed to the court and that the said court, in ordering condemnation, had no knowledge or information of the actual purpose of the said condemnation. * * * That the defendant, through substantial private contributions of money and land for the acquisition of said land and the building of said road succeeded in having the State Highway Commission institute and process the said condemnation for the purpose of acquiring an overpass for the convenience of defendant's development in the vicinity of Lindbergh and Olive Street Roads, and that, after its failure to negotiate successfully a purchase or lease of plaintiffs' property for said purpose, it induced and instigated the said State Highway Commission to condemn plaintiffs' land for said purpose." The petition concluded with allegations concerning plaintiffs' damages and a prayer for the aggregate amount heretofore stated.

Defendant's verified motion to dismiss is as follows: "Comes now the defendant, Monsanto Chemical Company, and moves the court to dismiss the above-entitled cause for the reason that the plaintiffs' amended petition fails to state a claim upon which relief can be granted.

"Further, the defendant states that on or about the 15th day of April, 1958, the Missouri State Highway Commission filed an action in the Circuit Court of St. Louis County to obtain by condemnation title to a tract or tracts of land described on pages 3 and 4 of the plaintiffs' amended petition. That said cause was No. 222918 of the Circuit Court of the County of St. Louis, Missouri, and was entitled 'State of Missouri ex rel. State Highway Commission vs. Gorman et al.' That the plaintiffs, Florence K. Arata and Carmen V. Arata, as well as Oliver S. Arata, were named as defendants in said cause and as owners of said tract or tracts of land. That on May 15, 1958, a judgment of condemnation was entered in said cause. That on June 24, 1958, commis-

sioners duly appointed in said cause filed a report fixing damages of plaintiffs and Oliver S. Arata for taking their said land at $86,000.00. That on July 1, 1958, the said Aratas filed exceptions to the commissioners' report, but on December 12, 1958, having reached a settlement of their dispute with the State Highway Commission, plaintiffs entered into a stipulation with the Missouri State Highway Commission for the entry of a judgment in their favor for the taking of·said land in the amount of $96,-000.00, which judgment was duly entered on that date and has been fully paid. That because of the foregoing the plaintiffs have been fully compensated for the taking of their land or for any alleged wrongful act complained of in plaintiffs' amended petition, and cannot lawfully obtain further or additional satisfaction from the defendant therefor.

· "Further, the defendant says that in said aforementioned cause plaintiffs and Oliver S. Arata filed an answer on or about May 12, 1958, in which they denied that the aforesaid condemnation was for public purposes and alleged that it was for private purposes. That a judgment of condemnation was entered on May 15, 1958, by which the court found, among other things, that plaintiffs' property was being taken for public purposes. That on May 26, 1958, the Aratas filed a motion for new trial against said judgment. That on August 15, 1958, said motion for a new trial was overruled. That on August 21, 1958, a notice of appeal was filed by the Aratas to the Supreme Court of Missouri, but the said Aratas failed to perfect said appeal and on September 7, 1959, an order was entered in said cause dismissing said appeal for failure to comply with the rules of the Supreme Court of Missouri. That as a result, the judgment of May 15, 1958, entered in the aforesaid cause to which plaintiffs were parties, that their property was being taken for public purposes, became a final judgment binding upon plaintiffs. That as a result thereof said judgment that plaintiffs' property was being taken for public pur-

poses is res adjudicata of said fact and binding upon plaintiffs in this cause of action and estops and precludes plaintiffs from asserting in this cause of action that their property was taken by the Missouri State Highway Commission and the defendant for private purposes, and that since plaintiffs' property was taken for public purposes, the act of the Missouri State Highway Commission in taking plaintiffs' property as aforesaid was a lawful act performed within its discretion, and cannot under any circumstances be the basis for any recovery by plaintiffs against defendant as the alleged instigator of said lawful act."

Upon the hearing of the motion to dismiss defendant offered in evidence the court files in the condemnation case. Plaintiff objected upon the ground that "the file hasn't been properly identified by a person so qualified to identify it." The court indicated that it could take judicial notice thereof and overruled the objection. We will not give any detailed recital of the facts shown in the aforementioned files. It is sufficient to state that they contained proof of all of the facts alleged in defendant's motion.

As we view plaintiffs' petition it bases their right to recover upon the allegation (1) that defendant, through contributions of money and land, induced the State Highway Commission to condemn plaintiffs' land and (2) that said condemnation was not for a public purpose but was for the private purpose of providing an overpass for the convenience of defendant in the use of its lands and facilities in that vicinity.

■■ At the outset of our consideration of the questions presented it should be noted that Section 28, Art. 1, Constitution of Missouri 1945, V.A.M.S., provides that "private property shall not be taken for private use with or without compensation, unless [certain exceptions omitted]; and that when an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be judicially determined without regard ·to any legislative declaration

that the use is public." In considering the quoted provision we have recently stated that "The distinction between 'public use' and 'public necessity' has been pointed out in the cases. The former is a judicial question, determinable by the courts; the latter is essentially political in nature, and therefore to be determined in a different forum—in the instant case, by the city council * * *. 'In order to constitute public use, it is not necessary that the whole community or any large part of it should actually use or be benefited by a contemplated improvement. Benefit to any considerable number is sufficient. * * * Nor does the mere fact that the advantage of a public improvement also inures to a particular individual or group of individuals deprive it of its public character.' Kansas City v. Liebi, 298 Mo. 569, 593, 252 S.W. 404, 408, 28 A.L.R. 295 * * *. There is no more 'public use' to which property can be devoted than that of a public street open alike and accessible to all members of the public." In the Matter of Proceedings to Grade, Etc., Mo.Sup., 270 S.W.2d 863, 867, 868.

■ The allegation heretofore designated as (1) does not aid plaintiffs in their efforts to state a claim for relief. This for the reason that it is settled that the mere fact that certain individuals or interests who are specially benefited by a proposed improvement contribute to the cost thereof does not show that the improvement is for a private purpose or render it any the less public within the meaning and scope of the law of eminent domain. Gruntorad v. Hughes Bros., Inc., 161 Neb. 358, 73 N.W. 2d 700; Weaver v. Pennsylvania-Ohio Power & Light Co., 6th Cir., 10 F.2d 759; Union Lime Co. v. Chicago & N. W. R. Co., 233 U.S. 211, 34 S.Ct. 522, 58 L.Ed. 924; 18 Am.Jur., Eminent Domain, § 44, p. 673; 29 C.J.S. Eminent Domain § 97, p. 898.

■ Allegation (2) above directly presents the issue as to whether plaintiffs' land was condemned for a public purpose.

Defendant contends that said issue was determined in the condemnation case, is res judicata, and that plaintiffs are therefore barred from contending in this case that the taking was for a private purpose. The defense of res judicata may be presented in a motion to dismiss. Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526.

■ Before considering questions concerning the issue of res judicata we must decide whether the court files in the condemnation case were properly admitted in evidence. Plaintiffs here contend, as they did in the trial court, that the records were not admissible because "not identified by any witness competent to state what they were." The defendant answers with the assertion that "a trial court may take judicial notice of records of its own court which are offered in evidence." We agree with defendant's contention. "A court has knowledge of the genuineness of its own records * * *. Having such knowledge, it was competent for the trial judge to determine the identity and genuineness of the papers offered in evidence * * *." Wahl v. Cunningham, 332 Mo. 21, 56 S.W. 2d 1052, 1060. To like effect is the statement in 32 C.J.S. Evidence § 634, p. 486, that "The book of records of a court proves itself when offered in evidence in the same court, since a court will take judicial notice of its own records, and this principle extends to different parts or sections of the same court."

In support of their contention that the court could not take judicial notice of the files in question the plaintiffs have cited Spurlock v. Missouri Pacific Ry. Co., 76 Mo. 67; Smith v. Berryman, 272 Mo. 365, 199 S.W. 165, 1 A.L.R. 1692; Walker v. Ross, Mo.App., 71 S.W.2d 124, Carp v. Queen Ins. Co., 203 Mo. 295, 101 S.W. 78, and State v. Washington, Mo.Sup., 335 S. W.2d 23. The situation presented in those cases readily distinguish them from the case at bar. In the Spurlock, Smith, and Walker cases it does not appear that the

records were offered in evidence. The opinion in the Carp case merely indicates that the records of another court should be identified before being received in evidence. We find nothing in the Washington case which applies in any manner to the question before us.

■ As indicated, we rule that the files in question were properly admitted upon inspection by the trial court without further proof of authenticity.

The petition in the condemnation case alleged that the proposed highway therein described was needed to facilitate the movement of through traffic in a congested traffic area. The answer filed by defendants Arata denied the allegations of the petition and specifically alleged "that the purpose of condemning these defendants' land and properties, and to divest their title therefrom, is to establish a private, and not a public use and therefore said lands and properties are not subject to the condemnation prayed for." The condemnation judgment contained a finding "that said lands, property and rights are condemned for public state highway use." In due time that judgment became final.

■ Plaintiffs say that the plea of res judicata is not available to defendant herein because there is not an identity of parties in the two cases. It is true that the State Highway Commission is not a party in the present case and Monsanto, while a defendant in the condemnation case, does not appear to have been an adverse party to the present plaintiffs. While we agree that as a general rule there must be an identity of parties or their privies in order for the former judgment to be pleaded as res judicata we think the situation in the instant case comes within one of the well-recognized exceptions to the general rule.

"In respect to the matter of the conclusiveness of judgments, it is a recognized principle that persons so connected in interest and liability, though not falling within the true technical status of privies, may nevertheless avail themselves of a former judgment in bar of a subsequent action or proceeding upon the same subject-matter, in view of the policy of the law to end litigation by preventing a party who has had one trial of a question from again bringing it into controversy. Brown v. [Wabash] Ry. Co., 222 Mo.App. 518, 281 S.W. 64; Taylor v. Sartorious, 130 Mo. App. 23, 108 S.W. 1089, 34 C.J. 975." Wors v. Tarlton, 234 Mo.App. 1173, 95 S.W.2d 1199, 1207.

■ The issue presented by the allegations of plaintiffs' petition is whether the State Highway Commission condemned plaintiffs' land for a public purpose. Plaintiffs, as defendants in the condemnation suit, denied that the taking was for such a purpose. The condemnation suit was the proper action in which to determine the question as to whether the highway commission was taking the land of the Aratas for a public purpose and consequently not in violation of the constitutional provision heretofore quoted which prohibits condemnation for private use. The Aratas have had their day in court on that issue and it was determined adversely to them. The judgment in the condemnation case is a bar to any further contention by the Aratas that the highway commission did not condemn their land for a public purpose. It can be pleaded by Monsanto as a bar to this action and, under the circumstances here presented, it is of no consequence that there was not an identity of parties in the two actions. Our conclusion is in accord with the policy of the law (under circumstances such as are here presented) to end litigation by preventing a party who has had one trial of a question of fact from again drawing it into controversy.

In contending that their petition stated a claim for relief which was not barred by the prior adjudication plaintiffs have relied almost entirely upon the case of Justis v. Georgia Industrial Realty Co., 109 Va. 366, 63 S.E. 1084. That case was an equitable action in which a condemnation judg-

ment was collaterally attacked for fraud in its procurement. The Virginia court held that the petition stated a cause of action. The facts alleged were: "That the William R. Trigg Shipbuilding Company, a private corporation, undertook to acquire Justis' Island by purchase from W. M. Justis, for use in connection with its adjacent shipyard. That, its efforts to purchase the island proving unsuccessful, it entered into an agreement with certain managing officers of the city of Richmond to the effect following: That the city would condemn Justis' Island pretendedly, as necessary for the improvement of its harbor, and when thus acquired would convey it to the Trigg Company in exchange for certain other property owned by that company, and which the city needed for its purposes; the company paying the agreed difference in values between the two properties in money. That in pursuance of this agreement the city council (well knowing that the island was not needed or to be condemned for the purposes stated in the ordinance, but was to be immediately conveyed to the Trigg Company in exchange for other property) passed an ordinance directing the city attorney to condemn the island for the alleged improvement of the harbor. Justis' Island was condemned accordingly, and the contract between the Trigg Company and the city consummated by the execution of mutual conveyances to the respective properties."

We do not think the Justis case is applicable here. In that case it does not appear that the landowner knew of the fraudulent scheme or defended the condemnation action upon that issue. Unlike the present case the Justis case was one attacking the condemnation judgment for fraud in its procurement. In the case at bar there is no specific allegation of fraud and it appears from the pleadings in the condemnation case that plaintiffs had some knowledge of the alleged intended private use. Plaintiffs do allege that at the instance of defendant the purpose of the condemnation was not revealed to the court. However,

since plaintiffs (defendants therein) pleaded in the condemnation case that the taking was for a private use they should have offered evidence (if such existed) which would have revealed the alleged unlawful purpose to the court.

For the reasons stated we rule that the trial court properly sustained defendant's motion to dismiss and entered judgment dismissing plaintiffs' action.

Judgment affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.