**Valiant M. YATES, Phil M. Smith, III, and Bernice C. McClellan, Plaintiffs-Appellants,**

**v.**

**John DURK, Elmo Young, Wilbur Foster, Jr., William Stewart, Norman Roberts and Robert Schulze, Defendants-Respondents.**

**No. 25499.**

Kansas City Court of Appeals, Missouri.

Feb. 1, 1971.

William W. Van Matre, Van Matre & Van Matre, Mexico, for plaintiffs-appellants.

Warren D. Welliver, B. Daniel Simon, Welliver, Beckett & Simon, Columbia, for defendants-respondents.

DIXON, Commissioner.

We are reviewing the action of the trial court in sustaining a motion to dismiss plaintiffs' petition. We affirm the trial court.

Summarized, plaintiffs' petition alleges that: plaintiffs are patrons of Reorganized School District R-1 of Callaway County, and defendants constitute the Board of such District; that plaintiffs were signers of a petition for change of boundary filed July 11, 1964; that the petition for boundary change was legally sufficient to require a vote thereon; that defendants failed to properly advertise and submit to the patrons of the District at the April 6, 1965 school election; that such action denied plaintiffs and other signers the right to vote at such election and compelled them to employ attorneys, institute mandamus proceedings and obtain a writ of mandamus to compel the holding of the election; that such conduct on the part of defendants was "flagrantly wrongful, malicious and wilful and done with the intent to contemptuously deny to plaintiffs their legal and civil rights and to invade the rights and guarantees afforded plaintiffs, and others, by the laws of this state, and was the intention and effect of a conspiracy had between the defendants to so do."

Plaintiffs then allege actual damage in the sum of $400 based on their individual contributions to employment of attorneys. Relying on the quoted language above, they also seek judgment for punitive damages in the sum of $14,000.

To this petition, defendants filed a motion to dismiss. This was overruled without argument, and defendants filed separate answers containing the same motion in the first paragraph of each answer and admitting the factual matters pleaded by plaintiffs, but denying that portion of plaintiffs' petition which characterized such action as wrongful and wilful.

The defendants then filed a motion to dismiss and for summary judgment which has framed the issues for these appeals. This motion set up the prior mandamus action between the same parties, its issuance and ultimate affirmance by this court. The motion then laid the defense relied on in the following language: "Plaintiffs elected their remedy against the defendants by proceeding with the mandamus action against the defendants, and now, by reason of said election of remedies, plaintiffs are barred from maintaining the instant common law action for damages against the defendants."

Upon argument the trial court sustained the motion to dismiss and subsequently overruled the motion for summary judgment. The parties each appealed from that portion of the trial court's ruling adverse to them and by stipulation the appeals have been consolidated here.

The prior litigation between the same parties in the same character as plaintiffs and defendants except for one Mock, who was secretary of the Board and who is not

a defendant here, is reported in State ex rel. Yates v. Mock, Mo.App., 420 S.W.2d 4, and the opinion there gives a statement of the facts concerning the basic dispute of the parties. On appeal in that case, the peremptory writ was sustained, and we are informed the election sought was held.

The parties brief and argue the case as being controlled by Smith v. Berryman, 272 Mo. 365, 199 S.W. 165, En Banc. For an understanding of our ruling here and because of appellants' insistence that Berryman, supra, properly construed, rules this appeal, we review both opinions written in that litigation. To provide a background for that analysis, we turn first to the opinion of the Court of Appeals reported in 173 Mo.App. 148, 156 S.W. 40. Plaintiff, who had been successful in obtaining a peremptory writ of mandamus for the issuance of a dram shop license against the Mayor and Council of the City of Poplar Bluff, brought an action for damages against the same officials. The mandamus had been made peremptory by the Springfield Court of Appeals on petition, return, and motion for judgment on the return as appears in the report of that case. State ex rel. Smith v. Berryman et al., 142 Mo.App. 373, 127 S.W. 129. The license had been issued in response to that writ. Plaintiff's petition set up the refusal to issue the license prior to the mandamus; alleged that the acts of the defendants were unlawful and oppressive and damages by way of attorneys' fees and expense in the litigation of the mandamus proceeding. His petition also sought punitive damages which he later abandoned. The verdict of the jury in the amount of $150 was for the plaintiff. Defendants preserved their claim that the verdict

should have been directed for the defendants by way of a demurrer to the evidence. The Court of Appeals ruled that the demurrer to the evidence should have been sustained and that the case should be reversed without remanding but deferred the entry of the mandate and certified the case to the Supreme Court of Missouri because of their belief that their opinion was in conflict with the opinion of the Springfield Court of Appeals in Gardner v. Springfield Gas & Electric Co., 154 Mo.App. 666, 135 S.W. 1023.[1]

The St. Louis Court rested its opinion on State ex rel. Alexander v. Ryan, 2 Mo. App. 303, and extensively reviews that case in its opinion. From that opinion they adopted the reasoning that our statutes provide for an action for false return being pursued in the mandamus action but that our law and our statutes do not permit the recovery of damages in a separate action after mandamus.[2] This holding is expressed in the following language, 156 S. W. l. c. 46: "* * * we are compelled to hold that having resorted to his remedy by mandamus to compel these officers to discharge a ministerial duty, plaintiff lost his right of action against them for failure to perform that same duty." The Court then proceeded to justify its holding that the action could not be maintained by pointing out that the damages which plaintiff had recovered in the case were not appropriate damages and construed the language which now appears in our statute in Sec. 529.060 V.A.M.S., "* * * in such manner as he might do in a civil action for false return, * * *" to mean that the relator in such an action for false return would be limited to the damages recoverable at common law for such an action

---

1. The Supreme Court opinion does not directly overrule this case, but the affirmance of the mandate of the St. Louis Court implies disapproval.

2. In reaching this result, the St. Louis Court extensively reviewed cases cited to them which might have indicated the existence of a theory to support plaintiff's recovery in an independent action.

The opinion distinguishes all of these cases and these distinctions are accepted in the En Banc opinion. (l.c. 167) They are: St. Joseph Fire & Marine Ins. Co. v. Leland, 90 Mo. 177, 2 S.W. 431; State ex rel. Wheeler v. Adams, 101 Mo.App. 468, 74 S.W. 497; Steadley v. Stuckey, 113 Mo.App. 582, 87 S.W. 1014.

and that he would in no wise be entitled to attorneys fees and expenses incident to the mandamus litigation. The latter holding rests upon the unquestioned reasoning, that the action for false return at common law being a tort action, no recovery for attorneys fees was ever allowed at the common law. The Supreme Court, upon certification, in an opinion reported in Smith v. Berryman, 272 Mo. 365, 199 S.W. 165 reviewed the history of mandamus and its ancillary action of false return at the common law and the legislative history of our statutes concerning mandamus and said that from this history and the statutes then in effect [3] that " * * * no action lies for damages, absent a false return; in short, that within the purview of both the common law and of our present statute no recoverable damages accrue to the relator for that he was compelled to bring mandamus, unless the respondent by making a false return, and thereby raising a false issue of fact, as contradistinguished from pure issues of law, puts the relator to vexation and expense in disproving such false issue of fact. In such cases, and in no other, can a successful relator in mandamus recover damages." The Supreme Court went on to say further that such action for damages may be recovered, l.c. 166, " * * * either in the mandamus proceeding itself, or by an independent action brought solely for that purpose." It is interesting to note, however, that the concurring opinion of Williams, J., joined in by Blair, J., concurred only on that portion of the opinion relating to the doctrine of election of remedies. The concurring opinion points out that the question of whether an action for false return must be brought in the mandamus suit or may be brought in a separate suit was not present in the case and was therefore not appropriate for decision at that time.

■ From this review of the litigation upon which both of the parties rely, we conclude that our law provides for a successful relator in mandamus an action for false return under appropriate circumstances.[4] We also conclude, as is expressly stated in both Ryan, supra, and Berryman, supra, that no separate action on account of the original malfeasance or omission by officials remains to the successful relator in a mandamus proceeding.

The statutes referred to in Berryman, supra, remain in our law and have received no different construction by our Supreme Court than furnished in the Berryman opinion and, both on the basis of reason and authority, must continue to be so construed.[5]

Upon these principles we turn now to the case at hand. The court below by its written order held that a separate action cannot be brought after successful mandamus adopting the theory of election of remedies set forth in Berryman, supra. Appellant contends the trial court misconstrues Berryman as so holding. This contention we reject.

Appellants next assert their petition comes within the dictum in Berryman

3. Statutes construed in Berryman, supra, were 2547–2551 R.S.Mo., 1909, now 529.020, 529.030, 529.040, 529.060, and 2554 R.S.Mo., 1909, now 529.090, V.A. M.S. No substantial change has been made in them since their original enactment in 1825 as Sections 1, 2, 3 and 4, Laws of 1825, page 522.

4. The reader relying upon this language to justify an action for false return must read with care State ex rel. Alexander v. Ryan, supra, and both Berryman opinions to gain a clear understanding of the pleading process by which this issue may be raised.

5. For those interested in reviewing the common law cases and the interesting history of these statutes, Sections 529.020 through 529.090 V.A.M.S., all arising from the statute of 9 Anne, Chapter 20, AD 1710, the following citations will be helpful: High, "Extraordinary Legal Remedies" 3rd Edition, 1896, Sections 461–467, pp. 446–450, [APPENDIX A, pp. 761–765, contains Statute of Anne.] Merrill, "Law of Mandamus," 1892, Section 311, p. 374.

which permits a separate action for false return after mandamus. Appellants ingeniously argue that false return includes not only a return which is false in fact, but one which does not state the "real reasons" for the action by the administrative officer against whom the mandamus is sought.

Whatever might be concluded with respect to Smith v. Berryman, supra, insofar as it purports to hold that a *separate action* for false return is permissible under the Missouri law, we are not here called upon to decide that question. This appeal can be disposed of by sustaining the court's action in applying the holding of Berryman, supra, that the doctrine of election of remedies applies in Missouri and that it applies in this case.

■ We reach this conclusion from an examination of the appellants' pleadings. What has been said heretofore demonstrates that only in the portion of their pleadings which characterize the acts of the school board do they allege any facts which were not alleged in their petition for mandamus and this only in the language relating to conspiracy as suggested by appellants in their brief. We have carefully examined the transcript in the prior case of mandamus and made a comparison of the petitions in the two cases, and the foregoing is the result of our inquiry. No place does appellant plead that the return of the respondents in the mandamus case was in fact false, nor even as they now suggest, that although true in fact was false in intent, that is, that respondents in their return failed to state the real reasons for refusing to act. Assuming without deciding that Berryman, supra, provides authority for the proposition that a separate action for false return could be brought, the case is no comfort to appellants on the pleading question here presented. Appellants' pleadings here cannot be forced into a pleading of an action for false return. Appellants concede as much in their brief by saying that "The language of the petition that the * * * refusal

to call an election was wrongful, malicious and wilful and done with the intent to deny plaintiffs their legal and civil rights and was the intention and effect of a conspiracy * * * to so do, together with the allegation that the Circuit Court * * * issued its peremptory writ, * * * affirmed on appeal, by *necessary intendment* raises the evidential factual issue whether the return made to the alternative writ of mandamus did in fact state the true and real reasons for such refusal, * * * *" (Emphasis supplied.) Thus, appellants concede that they have not pleaded directly an action for false return. Thus, we hold that appellants' petition does not state an action for false return; and as we so hold, it becomes unnecessary to decide whether such an action could be brought as a separate action under Berryman, supra.

■ This leaves for determination the question of whether the doctrine of Berryman, supra, affirming that announced in State ex rel. Alexander v. Ryan, supra, requires dismissal of a separate action for damages subsequent to a mandamus action which resulted in the issuance of a peremptory writ. We hold that under the settled authority of State ex rel. Alexander v. Ryan, supra, and Smith v. Berryman, supra, no separate cause of action for damages not based on false return is permitted. The action of the trial court in dismissing plaintiffs' petition must therefore be affirmed.

As to the cross appeal of respondents, that the motion for summary judgment was improperly denied, we do not rule their contention. Our holding that the petition was properly dismissed leaves no pleading to which such a motion could be properly addressed. The judgment below is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of DIXON, C., is adopted as the opinion of the Court.

All concur.