TEACHERS CREDIT UNION, Plaintiff,

v.

Dwight C. HORNER, Roger F. Blessing, Jr., Horning & Blessing, Architects, Defendants.

No. 77–CV–0354–W–5.

United States District Court, W. D. Missouri, W. D.

Jan. 14, 1980.

J. A. Elliott, Kansas City, Mo., for plaintiff.

T. J. Leittem, Shughart, Thomson & Kilroy, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

This action, removed from state court and founded upon diversity jurisdiction, is for breach of contract. The defendants have moved the Court for partial summary judgment on the basis of release and collateral estoppel. The defendants have withdrawn their motion for partial summary judgment on the basis of release because of recent developments in Missouri case law. *See State of Missouri ex rel. Normandy Orthopedics, Inc. v. Crandall*, 581 S.W.2d 829 (Mo. en banc 1979). The remaining issue before the Court is whether the plaintiff is collaterally estopped from litigating certain issues of fact involved in this lawsuit. The defendants' motion for partial summary judgment based on the doctrine of collateral estoppel is sustained to the extent set forth below.

This action arose as a result of an employment contract between the plaintiff and the defendants. The plaintiff employed the defendant architects to draw the plan for the construction of an office building, which is now the subject of this action. The plaintiff's claims against the defend-

ants include alleged design defects, an alleged fraudulently issued certificate of substantial completion, and an alleged failure of defendants to inspect and reject defective work.

Defendants base their motion for partial summary judgment on the argument that several issues raised in plaintiff's complaint were determined adversely to the plaintiff in a prior action. This prior action, *D. Jack Bean v. Teachers Credit Union* (hereinafter *Bean*), was a lawsuit between the plaintiff in the pending suit and the contractor of the building in question. The contractor sued Teachers Credit Union for fees, and Teachers Credit Union counterclaimed, alleging several factual issues which the defendants now claim are re-alleged in Teachers Credit Union's petition against defendant architects. The pertinent factual issues litigated in *Bean* include: 1) timely completion of the building; 2) failure of Bean to install the heating and cooling systems and the roof in accordance with the plans and specifications of the contract; 3) and failure of Bean to properly grade and drain the real estate in accordance with the plans and specifications of the contract. A jury verdict was returned in favor of Bean on all counts. The defendants claim that the following issues raised in the present litigation are identical to those issues determined in *Bean*: 1) defendant architects' failure to inspect and observe construction deficiencies which resulted in a failure to reject defective work, specifically the heating and cooling systems and the grading and drainage of the real estate; and 2) defendant architects' fraudulent issuance of a certificate of substantial completion. The defendants argue that the plaintiff should be barred from relitigating these issues under the doctrine of collateral estoppel.

Plaintiff takes the position that the doctrine of collateral estoppel should not apply in this instance because there is some overriding consideration of fairness. In support, plaintiff cites *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713

(Mo. en banc 1979). *Oates* is a recent Missouri Supreme Court decision which rejected the defendant's argument that collateral estoppel should bar the plaintiff's cause of action. The court in *Oates* found that there was an overriding consideration of fairness based upon the peculiar rules of uninsured motorist law. The case at bar differs factually from the *Oates* case, and the plaintiff has failed to show this Court any overriding consideration of fairness that would dictate denial of defendants' motion for partial summary judgment.

The general test for applying collateral estoppel is set forth in *Bernhard v. Bank of America Nat'l Trust & Savings Assn.*, 19 Cal.2d 807, 122 P.2d 892 (1942) and *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). This test consists of three questions: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

Missouri law applies to the substantive issues raised in defendants' motion, so it is necessary to examine Missouri case law on collateral estoppel in order to render a decision in this case. The above-stated test was followed by the Kansas City, Missouri Court of Appeals in *LaRose v. Casey*, 570 S.W.2d 746 (Mo.App.1978), and was approved in dictum by the Missouri Supreme Court in *Oates, supra*. The court in *Oates* also noted a fourth question which some courts add to the test: Whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit? The answers to all four questions in the pending suit favor the application of the doctrine of collateral estoppel.

Teachers Credit Union asserted the issues in question in a counterclaim against Bean which resulted in a jury verdict. The last three questions to the test are clearly answered in the affirmative. The prior adju-

dication resulted in a judgment on the merits, and it is being asserted against a party to the prior lawsuit. Teachers Credit Union had both the opportunity and the incentive to fully litigate the issues involved. The first question, whether there is an identity of issues, is more difficult to analyze. However, an examination of the issues in question shows that any differences between the issues are in form only and not of substance.

■ In *Bean*, plaintiff alleged that Bean had failed to complete the building on time. The jury found in favor of Bean. Now the plaintiff is suing the architects, alleging that they fraudulently issued a certificate of substantial completion. One jury has already found that this building was substantially completed. If it was substantially completed, the architects could not have fraudulently issued a certificate of substantial completion. To allow the relitigation of this issue could result in inconsistent jury verdicts.

■ In *Bean*, plaintiff alleged that the heating and air conditioning systems and the roof were not installed in accordance with the plans and specifications of the contract. Plaintiff also alleged that Bean had failed to grade and drain the real estate in accordance with the plans and specifications of the contract. The jury found in favor of Bean. The plaintiff is now suing the architects, alleging that they failed to inspect the building and reject defective work, specifically the heating and air conditioning systems and the grading and drainage of the real estate. One jury has already determined that the heating and air conditioning systems and the roof were not defectively installed and were built to specifications and that the real estate was graded and drained in accordance with the plans and specifications of the contract. It would be incongruent to allow another jury to find that the architects negligently failed to reject this work as defective. The scope of this ruling will be limited to only the parts of the building that were actually the subject of litigation in *Bean* : the heating and cooling systems, the roof (though this issue was not raised in the plaintiff's petition), and the grading and drainage of the real estate. Plaintiff also alleges in its petition that defendants wrongfully certified proper completion and installation of a hot water heater which Bean had failed to properly install. This issue will not be precluded from litigation because it was not litigated in *Bean.*

■ It should be noted that summary judgment on these issues will not substantially deprive plaintiff of its cause of action. The essence of the plaintiff's claim against the defendant architects is faulty design of the building, the heating and air conditioning systems, and the grading and drainage of the real estate. The issue of faulty design is not precluded by this ruling.

The "rule of mutuality" presents no problems in this action because Missouri no longer adheres to this rule and now follows the majority rule which does not require an identity of parties in the two actions. *See Arata v. Monsanto Chemical Company*, 351 S.W.2d 717 (Mo.1961). *See also In re Falstaff Brewing Corporation Antitrust Litigation*, 441 F.Supp. 62 (E.D.Mo.1977).

Accordingly, it is hereby

ORDERED that the defendants' motion for partial summary judgment is sustained and paragraphs 6, 7, 8, 9, 17, and 26 of Count I and paragraphs 2(d), (e), (f), and (g) of Count II are dismissed.