907 S.W.2d 826 (1995)
Larry HAYES and Robert L. Thornton, Plaintiffs/Appellants,
v.
The CIVIL SERVICE COMMISSION OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, and the Metropolitan Government of Nashville and Davidson County, Tennessee, Defendants/Appellees.
Court of Appeals of Tennessee, Middle Section, at Nashville.
June 7, 1995.
Permission to Appeal Denied September 18, 1995.
*827 Phillip L. Davidson, Nashville, for Plaintiffs/Appellants.
James L. Murphy, III, Director of Law, Department of Law of the Metropolitan Government of Nashville and Davidson County, William Michael Safley, Nashville, for Defendants/Appellees.
Permission to Appeal Denied by Supreme Court September 18, 1995.

OPINION
CANTRELL, Judge.
The sole question involved in this appeal is whether a judgment in a former case between the same parties is a bar to this action. The Circuit Court of Davidson County dismissed this action. We hold that in prosecuting a mandamus action to a final judgment the plaintiffs herein made an irrevocable election of remedies which is a bar to this action for damages.

I.
The Police Chief of Metropolitan Nashville and Davidson County dismissed the appellants from the police force for using illegal drugs. The appellants appealed to the Metropolitan Civil Service Commission, where hearings began seven months later, and continued intermittently over a period of sixteen months. In the second month of the piecemeal proceedings before the Civil Service Commission, the appellants filed an action for mandamus in the Chancery Court of Davidson County alleging that the delay was a violation of their due process rights. Though the chancery court denied their petition, this court ultimately agreed with the appellants and remanded the case for the issuance of a writ of mandamus for a timely and continuous hearing. This court's opinion was filed on October 31, 1990.
In the meantime, the hearings had come to a conclusion and the Civil Service Commission reduced the appellants' punishment to "time served" suspensions of twenty-five months. On appeal this court reduced the punishment still further to twelve month suspensions, mainly on the ground that a twelve month period was a reasonable time for the Commission to have completed its work. This court's opinion in that case was filed on March 4, 1992.
Proceeding on two fronts,[1] the appellants had filed the present action on September 23, 1991 in the Circuit Court of Davidson County alleging that the Civil Service Commission had violated their rights to due process, to equal protection, and to be free of cruel and unusual punishment. The complaint sought damages and attorneys fees pursuant to 42 U.S.C. §§ 1983, 1988.
The Metropolitan Government made a motion to dismiss or in the alternative for summary judgment.

II.
There are two prior actions between the same parties in which final judgments have been entered: the mandamus action and the Civil Service action reviewing the merits of the terminations. In each case this court entered judgment granting relief to the appellants. Our job is to decide if the judgment in either case is a bar to this action.

a. Res Judicata
Res judicata is a term describing the preclusive effect of a former judgment. In its purest form it prevents a subsequent suit between the same parties and their privies *828 on the same cause of action. National Cordova Corp. v. City of Memphis, 214 Tenn. 371, 380 S.W.2d 793 (1964). What if the parties are the same but the cause of action is different? In that case we use the term collateral estoppel, meaning that the parties and their privies in any other cause of action cannot relitigate any matter which was actually determined in the prior suit. Dickerson v. Godfrey, 825 S.W.2d 692 (Tenn. 1992); Cantrell v. Burnett & Henderson Co., 187 Tenn. 552, 216 S.W.2d 307 (1948). For a discussion of "defensive" versus "offensive" collateral estoppel see Algood v. Nashville Machine Co., Inc., 648 S.W.2d 260 (Tenn. App. 1983).
A related rule prevents plaintiffs from splitting their causes of action. Other states refer to this rule as the "single injury rule." See Potts v. Celotex Corp., 796 S.W.2d 678 (Tenn. 1990). In speaking of this rule, the Potts Court said that it is "a logical extension of basic legal principles, primarily those underlying the doctrine of res judicata." 796 S.W.2d at 682. Under the rule "estoppel of the former judgment is conclusive, not only as to matters actually put in issue, but equally as to those which by due diligence of the litigant ... might have been put in issue and determined." National Cordova Corp. v. City of Memphis, 214 Tenn. 371 at 379, 380 S.W.2d 793 at 796 (1964). See also Jordan v. Johns, 168 Tenn. 525, 79 S.W.2d 798 (1935).
We are of the opinion that none of these principles are raised by either of the former judgments between these parties. The present action asks for damages under federal law for a denial of constitutional rights. It is a separate and distinct cause of action from the administrative proceeding invoked to review the legality and appropriateness of the plaintiffs' terminations. None of the issues in the two actions are the same. None of the issues that could have been raised in the former action affect the issues in this case. Therefore the judgment in the administrative proceeding is not a bar to the plaintiffs' suit for damages in this case.
The mandamus action presents a different problem. Like the present case it was an action based on the undue delay in the administrative proceeding. So, it could be argued that the damage caused by that delay was an issue that could have been raised along with the issues relating to the mandamus.
Mandamus, however, is a special remedy in which the issues are severely limited. It is used to coerce the performance of official duties, State ex rel. Harned v. Meador, 153 Tenn. 634, 284 S.W. 890 (1926), and it issues only when there is no other specific remedy to enforce the right. Mobile & Ohio R.R. v. Wisdom, 52 Tenn. 125 (1871). At common law, once the mandamus remedy had been sought the petitioner could not recover damages for the prior refusal to do the thing the mandamus commanded; the only damage remedy available was one for making a false return to the writ. Smith v. Berryman, 272 Mo. 365, 199 S.W. 165 (1917). Since our statutes, Tenn. Code Ann. § 29-25-101, et seq., do not abrogate that rule, we hold that damages for the delay in doing the thing mandamus seeks to command cannot be sought in the mandamus action.
If the appellants could not have sought damages in the mandamus action, it must follow that the various rules associated with res judicata do not bar the claim in this action.

b. Election of Remedies
We do think, however, that our rules on election of remedies prevent the appellants from prosecuting this action. "That doctrine estops a plaintiff who has clearly chosen to pursue one of two inconsistent and irreconcilable remedies from later resorting to the other." Hutchison v. Pyburn, 567 S.W.2d 762 at 764 (Tenn. App. 1977). Although Rule 8.06 of the Tennessee Rules of Civil Procedure now allows parties to plead inconsistent claims or defenses, pursuing an inconsistent remedy to judgment amounts to an irrevocable choice. Petty v. Darin, 675 S.W.2d 714 (Tenn. App. 1984).
Mandamus and damages for the failure to do the thing the mandamus commands are inconsistent remedies.

*829 The reason given is that when mandamus is applied for, it is upon the ground that the relator cannot obtain redress in any other form of proceeding. To allow him to bring another action for the very same case after he has obtained the benefit of mandamus would not only be harassing the defendant with two suits involving the same subject matter, but would be inconsistent with the grounds upon which he asked for the mandamus and inconsistent also with the decision of the court which awarded it.
52 Am.Jur.2d Mandamus 62.
In Smith v. Berryman, 272 Mo. 365, 199 S.W. 165 (1917) the court said:
[I]f the petitioner bring mandamus, he thereby tacitly admits that he had no adequate remedy by any other action or proceeding. The bringing of the mandamus suit is therefore logically an election between remedies which are antagonistic to each other.
199 S.W. at 167.
... .
Neither the research of learned counsel has found for us, nor have our own somewhat exhaustive investigations of the question unearthed, a single case at common law wherein an action for damages has been allowed, absent a false return, after the granting of relief by the issuance of a peremptory writ of mandamus.

199 S.W. at 169.
Although mandamus is a legal remedy, see 52 Am.Jur.2d Mandamus § 4, its effect is the same as many equitable remedies. By requiring the defendant to perform a specific act, mandamus is similar to a mandatory injunction or a decree of specific performance, and it issues only when there is no other adequate specific remedy available. Winters v. Burford, 46 Tenn. 328 (1869); Aetna Iron Co. v. Same, 89 Tenn. 707, 15 S.W. 1077 (1891). Thus, our holding that mandamus and damages are inconsistent remedies is analogous to the familiar rule that one cannot affirm and disaffirm a contract at the same time, or one cannot rescind a contract and sue for damages for its breach. Lamborn and Co. v. Green & Green, 150 Tenn. 38, 262 S.W. 467 (1924).
The judgment of the trial court is affirmed and the case is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.
TODD, P.J. (M.S.), and LEWIS, J., concur.
NOTES
[1] The appellants were actually proceeding on three fronts. On August 16, 1989, they had filed an action in the United States District Court against the Metropolitan Government, the police chief, and certain other individuals.