Keith **CHASTEEN**, Transferee of Mojet, Inc., a Missouri Corporation, Plaintiff,

v.

**TRANS WORLD AIRLINES, INC.**, et al., Defendants.

Civ. A. No. 20266–2.

United States District Court, W. D. Missouri, W. D.

Oct. 29, 1974.

**270**

Thomas W. Brooks of Brooks & Willard, Overland Park, Kan., Philip H. Myles, Kansas City, Mo., for plaintiff.

Dick H. Woods of Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., Harry P. Thompson, Jr. and Fred J. Wilkins, of Shughart, Thomson & Kilroy, Kansas City, Mo., R. A. Dakopolos and Nordahl E. Holte, Associate City, Counselors, Kansas City, Mo., for defendants.

### SUMMARY JUDGMENT

COLLINSON, District Judge.

This action was instituted by the plaintiff as the transferee of Mojet, Inc., a now defunct corporation, which was the former owner of certain real estate which was the subject of condemnation proceedings brought by the City of Kansas City, Missouri in the Circuit Court of Platte County, Missouri. Plaintiff brought the action against Trans World Airlines, Inc., the City of Kansas City, Missouri and seven individual defendants who were the Mayor, City Manager, City Council members, Director of Finance and Director of Aviation for the City of Kansas City, Missouri.

Count I of the complaint is a straight Civil Rights action under 42 U.S.C. § 1983 and the Fifth, Ninth and Fourteenth Amendments to the Constitution for deprivation of the property of the corporation which was taken by eminent domain by the City for addition to the Kansas City International Airport. Count III alleges a claim for conspiracy, in violation of 42 U.S.C. § 1985, involving the same civil rights alleged in Count I. Counts V and VII set out claims of fraud and abuse of process, respectively, in the entire condemnation proceedings. Plaintiff alleges jurisdiction in this Court of these two counts under the doctrine of pendent jurisdiction. Counts II, IV, VI and VIII each allege and pray for punitive damages under the claims asserted in each of the respective preceding counts.

All of the defendants have denied all factual allegations and have affirmatively pleaded the defenses of res judicata, collateral estoppel, lack of standing to sue, full faith and credit under Article IV, Section 1, of the Constitution, waiver by stipulation, and accord and satisfaction.

The Court denied the separate motions of all the defendants to dismiss the complaint for failure to state a cause of action and further denied to rule upon this motion, at the request of the defendants, as a motion for summary judgment, reserving to the defendants the right to file a motion for summary judgment after the completion of all discovery in the case.

All discovery has now been completed and all defendants have filed a motion for summary judgment, the motion being based upon a number of exhibits, including the complete transcript of the condemnation proceedings, and other documents, including the deposition of plaintiff. Defendants contend that, upon the undisputed and uncontroverted facts established by these exhibits, they are entitled to a summary judgment.

This dispute arose during the period that the City of Kansas City was constructing a large new airport located in Platte County, Missouri, some 15 miles north of the downtown business district. It was constructed in an area which had been completely rural in character prior to the location of the airport. The plaintiff in this case was the sole stockholder and president of Mojet, Inc., a Missouri corporation, which acquired the title to a tract of land immediately adjoining the airport, as it was originally designed. He had offered to sell this land to the defendant Trans World Airlines, Inc. some time prior to the events which gave rise to this lawsuit but no offer to purchase was made.

Trans World Airlines, however, later desired to lease part of or all of the land for the construction of facilities to be used by them, and, after negotiations with the City, agreed to advance the City the sum of $85,000 to be used for attorneys' fees, appraisers' fees and real estate commissions, in an attempt by the City to secure options to purchase the land.

It was unquestionably contemplated by the City and TWA that, if such options could be secured, these parties would attempt to negotiate a long-term lease of the premises so that the rental would justify and make marketable a revenue bond issue, the proceeds of which would be used to purchase the land. (It was provided that the $85,000 would be repaid to TWA out of the proceeds of the revenue bond issue.) However, there was no firm commitment of any kind as to any of the terms of the lease. As far as the record shows, the City would have been free to negotiate with anyone for the best lease obtainable that would support the revenue bond issue.

The negotiations to secure options were unsuccessful and on August 18, 1969 the City filed a petition in condemnation in the Circuit Court of Platte County, Missouri under its power of eminent domain to acquire private property for public use for airport purposes. Mojet, Inc. vigorously contested the right of the City to condemn its property on several grounds. Four of the separate grounds set out in Mojet's motion to dismiss directly denied that the property was being condemned for public use for airport purposes and alleged that the City was seeking to condemn this property "for the private benefit of operators of private airlines and, in particular, Trans World Airlines, Inc., in order to devote said property to said private use for the private benefit of such owners and not for the public use and benefit." The parties were afforded discovery on the factual issues raised by the motion, and on October 9, 1969 an evidentiary hearing was held by the Court on these issues. A full transcript of this hearing is one of the exhibits in this case.

It is interesting to note, in light of the plaintiff's contentions in this case, that the suggestions in support of the defendant's motion to dismiss, filed by Mojet, Inc., after full discovery and two days before the evidentiary hearing, conclude with the following paragraph:

"It is established by the evidence that the plaintiff, Kansas City, Missouri, does not have a specific public use for defendant's property but rather intends to lease the property to TWA for the construction of a Flight Simulator and Pilot Training Center. This taking is not an airport purpose but rather is an unlawful taking of defendant's property for the private use and benefit of TWA. Accordingly, it is respectfully submitted that defendant's motion be sustained and plaintiff's petition be dismissed."

After this hearing, the court denied the motion to dismiss, the defendant Mojet filed its answer, and the court, under Missouri procedure, appointed three commissioners to view the land and file a report fixing the fair value of the land taken. The commissioners awarded to Mojet, Inc. $3,946,068. Mojet, Inc. did not file any exceptions to the commissioners' report and award of damages, but the City of Kansas City timely filed its exceptions to this report and award. Under Missouri condemnation procedure the filing of these exceptions entitles the City to a jury trial on the issue of damages only.

Thereafter, after negotiation between the parties and before the jury trial, there was an agreement to settle and compromise the condemnation suit by the payment to Mojet by the City of Kansas City of the sum of $3,350,050.40. This stipulation for settlement was filed in the Circuit Court on April 2, 1970, a final judgment vesting the fee simple title to the land in the City of Kansas City, Missouri was entered on that date, and the sum of $3,350,050.40 was paid to Mojet, Inc. on the same date. This stipulation for settlement was executed by the plaintiff as president and sole stockholder of Mojet, Inc., who subscribed to the accuracy of a corporate resolution authorizing him to execute the same on behalf of Mojet, Inc.

Mojet took no appeal from this final judgment entered on April 2, 1970 and filed no after-trial motions or made any other attack upon the judgment in that court.

Before the execution of the above stipulation (on March 31, 1970), the City had again negotiated with TWA and entered into an agreement by which TWA would advance the City $3,402,814, to be used to pay the judgment and costs in this condemnation suit, and the City granted TWA an option to lease all or parts of this land, and the City agreed to issue revenue bonds in the approximate amount of $3,500,000 and use the proceeds from these bonds to repay TWA the $3,402,814 and also the $85,000 previously advanced. A certified copy of an ordinance authorizing all of these steps (except the option) was attached to the stipulation *prior* to its execution by the plaintiff.

Under all of the above facts and circumstances, none of which are in dispute, it is obvious that the plaintiff in this action is foreclosed under the doctrines of res judicata and collateral estoppel.

The plaintiff's basis of claim is, as transferee of Mojet, that Mojet's private property was taken under the guise of eminent domain for private use. The taking was accomplished by a condemnation suit in the Circuit Court of Platte County, Missouri, which resulted in a judgment of condemnation vesting the fee title to the land in question in the City of Kansas City, Missouri. In that case Mojet raised the defense that the taking was for a private use and this issue was fully litigated and determined against Mojet. Neither defendant TWA nor any of the individual defendants in this case were parties to that suit, but they now raise the defense of res judicata in this case.

■ For many years the courts applied the rule of "mutuality of judgment," which held that res judicata could only be raised as a defense in a situation where all the parties to the present action were bound by the prior adjudication. This strict rule was criticized by most leading writers and the courts developed a rule of collateral estoppel. *See* 31 A.L.R.3d 1044. This rule allowing collateral estoppel as a defense received the approval of the United States Supreme Court in the case of *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). It permits the plea of res judicata to be raised as a defense by one not a party to the prior suit against one who was such a party. It is applicable if the issue decided in the prior case was identical to the one presented in which the defense is raised, if there was a final judgment on the merits and if the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication.

In a case very similar to this case the Missouri Supreme Court applied the rule, *Arata v. Monsanto Chemical Co.,* 351 S.W.2d 717 (Mo.1961), saying:

"The judgment in the prior condemnation case is a bar to any further contention by the Aratas that the Highway Commission did not condemn their land for public purpose. It can be pleaded by Monsanto as a bar to this action, and, under the circumstances here present, it is of no consequence that there was not an identity of parties in the two actions. Our conclusion is in accord with the policy of the law (under circumstances such as are here presented) to end litigation by preventing a party who has had one trial of a question of fact from again drawing it into controversy."

Many other cases could be cited enunciating the principles that there must be an end to litigation and that a plaintiff cannot relitigate an issue of fact determined adversely to him by a final judgment by attempting to restate this cause of action in a different form.

In an attempt to narrow the issues of this case, the Court directed the plaintiff to file a list of all facts which plaintiff contended existed at the time Mojet executed the stipulation for judgment and which were unknown to the plaintiff at that time, and which had a direct bearing upon the plaintiff's execution of that stipulation. Plaintiff filed a list of thirty-five numbered sentences which it contended constituted the facts unknown to it.

■ The defendants filed a joint response to each of these thirty-five facts, which required the Court to examine a large number of exhibits and the transcript of the entire trial. From this documentary evidence alone, the Court finds that at the time of the execution of the stipulation for judgment the plaintiff, as president of Mojet, had full knowledge of the fact that TWA was advancing the full amount of the judgment to be paid Mojet; and that TWA had previously advanced $85,000 to the City for the payment of services in attempts to acquire the land. The Court can find no documentary evidence that the plaintiff also knew that between the time of the commissioners' award and the judgment the City had granted an option to TWA to lease all or part of the land. Of course, this option was not granted until after the adjudication on the public use issue.

The Court finds that the question of whether the condemnation of Mojet's land was for public or private use was fully adjudicated in a court of competent jurisdiction and that Mojet fully litigated this issue, which was then determined against it. Thereafter, Mojet fully compromised and settled all the issues of the case and stipulated to a final and binding judgment in which it received approximately $3,500,000 for its land. This plaintiff, claiming to stand in the shoes of Mojet, is attempting in this lawsuit to relitigate this identical issue

under the guise of a Civil Rights action. The doctrine of res judicata by collateral estoppel is a complete bar to this lawsuit. As stated by the appellate court of this circuit in *Schroeder v. 171.74 Acres of Land*, 318 F.2d 311, 314 (8th Cir. 1963):

> "The doctrine is but a manifestation of the recognition that endless litigation leads to chaos; that certainty in legal relations must be maintained; that after a party has had his day in court, justice, expediency and the preservation of the public tranquility requires that the matter be at an end."

It is therefore

Ordered that the joint and separate motions of all defendants for a summary judgment in this case be, and are hereby, granted and that this action be dismissed at plaintiff's costs.