STATE ex rel. Susan DAHL, Henry Dahl, Charles James Rogers, Edward Thiel and Edith Poos, Relators,

v.

Linus LANGE, St. Charles City Clerk, Jim Primm, St. Charles County Clerk, Melvin Wetter, Mayor of the City of St. Charles, and Gilford Brown, Janet Woodburn, Daniel Conoyer, Lynn Rush, James Williams, Rory Riddler, Thomas Brown, Reid Bronson, Michael Collins, Council Members of the City of St. Charles, Missouri, Respondents.

No. 65120.

Supreme Court of Missouri,
En Banc.

Dec. 20, 1983.

Keith W. Hazelwood, St. Charles, for relators.

George A. Weible, City Atty., St. Charles, for respondents.

**8**

HIGGINS, Judge.

Relators, resident taxpayers of the City of St. Charles, Missouri, seek a writ of mandamus to compel city officials to place a citizen-initiated amendment to the city charter on the ballot in an upcoming election. The city refused to include the amendment on the ballot alleging its unconstitutionality and the impermissible encumbrance it would place on the power of the city to levy taxes and collect revenues. The Court issued its Alternative Writ in Mandamus; respondents filed a return and motion to dismiss the petition and to quash the alternative writ. The Court sustained the motion in part but ordered the case docketed for argument. Both parties request that the Court assess the constitutionality of the proposed amendment. Without reaching the constitutional question, the Court now makes peremptory its alternative writ and directs respondents to place the amendment on the ballot.

■ The people of St. Charles ultimately complied with the requirements for placing their initiative amendment on the ballot; they accumulated the required number of signatures of registered voters and they filed their petition with the city clerk. Art. XII, § 12.5, City Charter, City of St. Charles, Missouri. The people have never had the opportunity to vote on the matter; the constitution mandates this opportunity. Art. VI, § 20, 1945 Missouri Constitution. The city charter does as well. Art. XII, § 12.5, *supra*. Until the people have voted on the initiative, judicial assessment of the constitutional validity of the proposal would be premature and an encroachment on the legislative function. *State ex rel. Stokes, et al. v. Roach,* 190 S.W. 277, 280 (Mo. banc 1916); *Pitman v. Drabelle,* 267 Mo. 78, 183 S.W. 1055, 1057 (1916). Should the voters reject the amendment, the Court's decision as to constitutionality would be an advisory opinion. Courts in Missouri will not render advisory opinions. *State ex rel. McNary v. Stussie,* 518 S.W.2d 630, 638 (Mo. banc 1974).

■ This Court does have discretion to assess the constitutionality of initiatives in mandamus actions. *State ex rel. Cranfill v. Smith,* 330 Mo. 252, 48 S.W.2d 891, 893 (1932); *State ex rel. Voss v. Davis,* 418 S.W.2d 163, 168 (Mo.1967); *Anderson v. Smith,* 377 S.W.2d 554, 557 (Mo.App.1964). Exercise of that discretion in this case, however, prior to a public election, could effectively enjoin the amendment from being placed on the ballot because of conjecture that it would be found unconstitutional if passed and adopted by the voters. *Buchanan v. Kirkpatrick,* 615 S.W.2d 6, 12 (Mo. banc 1981); *Moore v. Brown,* 350 Mo. 256, 165 S.W.2d 657, 660 (1942). Unless the amendment is unconstitutional on its face, the exercise of the Court's discretion to reach substantive matters would sacrifice the democratic process to the interest of judicial economy.

■ Relators' request for attorney's fees pursuant to section 529.060, RSMo 1978, is denied. Such damages may not be recovered under this section unless and until the respondent makes a false return. *Smith v. Berryman,* 272 Mo. 365, 199 S.W. 165, 167 (1917); *Leamon v. City of Independence,* 625 S.W.2d 204, 206 (Mo.App.1981); *Yates v. Durk,* 464 S.W.2d 43, 46 (Mo.App.1971).

■ The Alternative Writ in Mandamus is made peremptory; respondents are directed to place the amendment as framed on the ballot at the next election held in the City of St. Charles.

All concur.