**STATE ex rel. Robert David RAINE, Appellant/Respondent,**

v.

**Dora SCHRIRO, Michael Groose, Judy Draper, Respondent/Appellant.**

**Nos. WD 50735, WD 50757.**

Missouri Court of Appeals, Western District.

Jan. 23, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Gail Vasterling, Assistant Attorney General, for appellant.

Richard L. Beaver, Jefferson City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

BRECKENRIDGE, Judge.

The respondents, Dora Schriro, Director of the Missouri Department of Corrections, Michael Groose, Superintendent of the Jefferson City Correctional Center, and Judy Draper, General Counsel for the Missouri Department of Corrections, appeal the trial court's order granting the relator, Robert David Raine, $1,050.00 in attorney fees. Mr. Raine filed a cross-appeal, contending the trial court erred by failing to award him the total amount of attorney fees and expenses sought. Because there is no statutory authority for the award of fees, the judgment of the trial court is reversed.

In September, 1994, Mr. Raine was an inmate at the Missouri Department of Corrections' Jefferson City Correctional Center. He filed a two-count petition against the respondents in the circuit court of Cole County. The first count sought a writ of mandamus to compel the respondents to correct Mr. Raine's sentencing records and to allow him "reasonable access to his blood and saliva experts." The second count sought damages for various "civil rights violations."

The trial court later entered an order dismissing count one as moot on the basis that Mr. Raine's sentencing records had been corrected and that he had obtained an order permitting an expert to draw blood and fluid samples. Mr. Raine then dismissed the second count without prejudice. Mr. Raine also filed an application for $5,833.46 in attorney fees, expenses and costs pursuant to § 529.060, RSMo 1994, and § 536.085, RSMo 1994.[1] After a hearing, the trial court en-

---

1. Statutory references are to the Revised Statutes of Missouri 1994.

tered an order awarding Mr. Raine $1,050 for attorney fees.

■ The respondents' first point on appeal challenges the trial court's award of attorney fees in that neither § 529.060 nor § 536.085 authorizes recovery. An award of fees will be sustained unless there is no substantial evidence to support it or it erroneously applied the law. *David Ranken, Jr. Tech. Inst. v. Boykins,* 816 S.W.2d 189, 193 (Mo. banc 1991). Generally, each party must bear its own attorney fees absent statutory authorization or contractual agreement. *Id.* The limited exceptions to this rule, including an award to equitably balance benefits, are not applicable here. *See Stephenson v. First Missouri Corp.,* 861 S.W.2d 651, 658 (Mo. App.1993).

■ Mr. Raine sought the recovery of attorney fees on the basis of §§ 529.060 and 536.085. Section 529.060, which governs damages in a mandamus action, states:

In case a verdict shall be found for the person suing out such writ, or judgment be given for him on motion to dismiss, or by nihil dicit, or for want of a replication or other pleading, he shall recover his damages and costs, in such manner as he might do in a civil action for a false return, and the same may be levied by execution, as in other cases.

■ Missouri courts have interpreted this provision to mean that an award of attorney fees is appropriate under § 529.060 only if the respondent makes a false return. *State ex rel. Dahl v. Lange,* 661 S.W.2d 7, 8 (Mo. banc 1983); *Carmack v. Saunders,* 884 S.W.2d 394, 399 (Mo.App.1994). To understand the meaning of a "false return" under § 529.060, it is necessary to examine the common law history of a writ of mandamus.

■ At common law, the respondent's return to the alternative writ of mandamus was not traversable. *State ex rel. Alexander v. Ryan,* 2 Mo.App. 303, 307 (1876). "The return was the ultimate pleading in the case, and was conclusive upon the relator, whether such return was true or false...." *Smith v. Berryman,* 272 Mo. 365, 199 S.W. 165, 166 (1917). The trial court entered judgment on the facts as stated in the respondent's return. *Ryan,* 2 Mo.App. at 307.

■ A "false return" was one which made a spurious claim of fact. *Id.* Relators who failed to obtain a peremptory writ of mandamus due to a false return were required to bring a separate suit for damages. *Berryman,* 199 S.W. at 166. Recovery was based on the damages flowing from the false return itself, rather than the original injury sustained by the relator. *Id.* If successful in the second action, the relator was automatically entitled to a peremptory writ of mandamus. *Id.*

■ Missouri's mandamus statutes changed the common law process by allowing the issue of a false return to be raised in the original mandamus suit. *Id.* Although the procedure of obtaining a peremptory writ of mandamus was modified, the limitation on damages remained intact. *Ryan,* 2 Mo.App. at 307. To recover damages under the mandamus statutes, the relator must prove that the respondent made a false return. *Id.* The statute governing damages in a mandamus suit, currently § 529.060, provides that the relator "shall recover his damages and costs, in such manner as he might do in a civil action for a false return...." This provision refers to the compensation which a relator could have recovered in a common law suit for a false return, if the mandamus statutes did not exist. *Id.* at 310.

The Missouri Supreme Court in *Berryman,* after reviewing the common law writ of mandamus and the legislative history of Missouri's mandamus statutes, summarized the compensation available to a successful relator as follows:

[W]ithin the purview of both the common law and of our present statute no recoverable damages accrue to the relator for that he was compelled to bring mandamus, unless the respondent by making a false return, and thereby raising a false issue of fact, as contradistinguished from pure issues of law, puts the relator to vexation and expense in disproving such false issue of fact. In such cases, and in no other, can a successful relator in mandamus recover damages.

*Berryman,* 199 S.W. at 166. More directly stated, a successful relator in a mandamus proceeding may not recover damages unless they are based upon a false return.[2] *Id.*

Mr. Raine neither pleaded a false return in his application for fees and costs nor provided evidence to establish that the respondents had made a false return. Accordingly, he cannot recover attorney fees under § 529.060. *Lange,* 661 S.W.2d at 8; *Carmack,* 884 S.W.2d at 399.

■ The second basis on which Mr. Raine sought fees and costs was pursuant to § 536.085. This provision is merely a definitional section for the terms used in § 536.087. Section 536.087 allows recovery of reasonable fees and expenses for "[a] party who prevails in an agency proceeding or civil action arising therefrom," unless there is a finding that the state's position was substantially justified or that special circumstances make the award unjust. Section 536.087.1. An agency proceeding is defined by § 536.085 as "an adversary proceeding in a contested case pursuant to this chapter in which the state is represented by counsel...." Section 536.085(1).

Mr. Raine did not prevail in an agency proceeding, nor did the suit filed in the circuit court of Cole County arise from an agency proceeding. Accordingly, § 536.087 does not provide statutory authority for the recovery of attorney fees and expenses.

■ The absence of statutory authority for the court's award of attorney fees mandates reversal of the award. *Ranken,* 816 S.W.2d at 193–94. Because the respondents' first point is granted, their remaining points on appeal need not be addressed.

Mr. Raine's sole point on his appeal is that the trial court erred in awarding only $1,050.00 in attorney fees even though he sought $5,833.46 for fees, costs and expenses. Resolution of the respondents' first point requires denial of this point.

2. Although *Ryan,* 2 Mo.App. 303, and *Berryman,* 272 Mo. 365, 199 S.W. 165, were interpreting prior versions of the mandamus statutes, the provisions of the statutes have remained substan-

The judgment of the trial court awarding Mr. Raine attorney fees in the amount of $1,050.00 is reversed.

All concur.

tially the same since their original enactment in 1825. *Yates v. Durk,* 464 S.W.2d 43, 46 n. 3 (Mo.App.1971).