**STATE of Missouri, ex rel., Dee Joyce HAYES, Relator,**

v.

**Honorable Anna C. FORDER, Respondent.**

**No. 74618.**

Missouri Court of Appeals,
Eastern District,
Writ Division VII.

Aug. 11, 1998.

Dwight A. Warren, Asst. Cir. Atty., St. Louis, for relator.

Karen Kraft, Dist. Defender, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Relator, Dee Joyce Hayes, filed a petition for a writ of prohibition to prevent respondent from proceeding with the trial of the underlying matter, captioned *State v. Davis,* Cause No. 971–1003. This court entered a preliminary order in prohibition directing respondent to file her answer and suggestions in opposition to the petition in prohibition by July 16, 1998, stating a failure to do so would result in a judgment by default against her. The preliminary order further directed respondent was to take no action in the underlying matter until further notice. We now make permanent our preliminary order in prohibition.

Relator filed an indictment against Martiez Davis, the defendant in the underlying matter, charging him with first degree murder, armed criminal action, attempted rape, and armed criminal action. The trial was set to commence on July 13, 1998, respondent presiding. Prior to trial, defendant filed a motion to suppress videotaped statements made by him at the time of his arrest, which motion respondent granted. Relator thereafter filed an interlocutory appeal regarding respondent's order pursuant to RSMo section 547.200 (Supp.1998) and Rule 30.02. Relator further requested respondent to delay the commencement of the trial pending a ruling from the appellate court on relator's appeal. Respondent denied this request.

Relator then filed the instant petition for prohibition, arguing that to allow the underlying trial to commence before a ruling from this court on relator's interlocutory appeal would irreparably harm relator's case. Moreover, in the event relator's interlocutory appeal was successful, she would be unable to further proceed against the defendant armed with the videotaped statements, as double jeopardy would have attached as a result of the previous prosecution. *See Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).

We recognize the merit of relator's argument and believe the state's right to an interlocutory appeal could be rendered meaningless if the trial of the matter giving rise to that appeal were to take place before the appellate court resolved the issue. However, we need not decide whether respondent's refusal to continue the commencement of the trial under these facts was an abuse of her discretion. Respondent was ordered to file her answer and suggestions in opposition to relator's petition in prohibition by July 16, 1998, or a default judgment would be entered against her. Respondent failed to respond to this court's directive.

Accordingly, we make permanent the preliminary order in prohibition, and order respondent to refrain from action in the underlying matter pending the disposition of relator's interlocutory appeal.

CRANDALL and RICHARD B. TEITELMAN, JJ., concur.