CITY OF O'FALLON, Missouri, Respondent,

v.

ST. CHARLES COUNTY, et al., Appellants.

No. ED 79662.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 18, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 7, 2002.

Lisa Lynn Leslie, St. Charles, MO, for appellants.

Robert Wohler, O'Fallon, MO, Kathryn Koch, St. Louis, MO, Stephen A. Martin, St. Charles, MO, for respondent.

Jay A. Summerville, Armstrong Teasdale LLP, St. Louis, MO, for Amicus Curiae.

Before CLIFFORD H. AHRENS, P.J., and PAUL J. SIMON and MARY R. RUSSELL, JJ.

*ORDER*

PER CURIAM.

St. Charles County, the St. Charles County Collector, and the St. Charles County Election Authority (County, collectively) appeal from the judgment of the trial court which issued writs of mandamus and prohibition ordering County to recognize the City of O'Fallon's (City) annexations of various properties located in St. Charles County. County argues that the trial court erred by: (1) issuing a writ of mandamus "without ruling on the controverted factual issues, because a determination that an illegal act will result bars the issuance of a writ of mandamus and the state annexation statute requires that the property to be annexed be compact and contiguous to the corporate limits of the annexing city, in that evidence was before the trial court that the subject parcels were not compact and contiguous to the existing corporate limits of the annexing city;" (2) holding that because County did not recognize the municipal annexation ordinances it was in violation of section 10.603 of the St. Charles County Charter (charter), because "a charter provision that permits what a statute prohibits is invalid, in that the trial court's interpretation of [charter] section 10.603 creates a means by which annexation can be accomplished when property to be annexed is not compact and contiguous to the annexing city in violation of the state statute;" (3) issuing a writ of prohibition and holding that County was acting in a quasi-judicial manner, "because acting in obedience to, rather than disregard of, a state statute is not regarded as engaging in quasi-judicial decision

making, in that [County] did not act on the municipal ordinances because the property to be annexed was not compact and contiguous to the existing corporate limits of [City] as required by state statute and [County] was therefore acting in obedience to, not disregard of, the annexation law;" and (4) holding that County did not have standing to "oppose or otherwise challenge [past and future]" voluntary annexations, "because the requirement of standing applies to the party seeking relief, not to the party against which relief is sought, in that [County] was the respondent, not the party seeking relief, in the case before the trial court."

We have reviewed the briefs of the parties and the record on appeal and no error of law appears. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).