**CITY OF COTTLEVILLE, Missouri,**
**Relator/Respondent,**

v.

**ST. CHARLES COUNTY, Missouri,**
**et al., Respondents/Appellants.**

**No. ED 80786.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 26, 2002.

Lisa Leslie, St. Charles, MO, for appellants.

David T. Hamilton, Hazelwood & Weber LLC, St. Charles, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Respondents appeal from a judgment making permanent writs of prohibition and mandamus in which respondents were ordered to pay relator's attorneys' fees incurred in this action in the amount of $3,487.00. We reverse that part of the judgment awarding attorneys' fees for the reason that the trial court erred in awarding the attorneys' fees under the "collateral litigation" exception to American Rule because the fees awarded were not incurred in collateral litigation with a third party.

Relator, City of Cottleville [Cottleville] passed Ordinance No. 450 on May 4, 2000 to annex a parcel of property. Cottleville tendered the ordinance to respondent, St. Charles County, but St. Charles County declined to process the annexation ordinance, claiming that the ordinance was invalid.

On October 3, 2000, Cottleville filed a Petition for Injunction, Writ of Prohibition and Writ of Mandamus against St. Charles County and its officials [respondents], in which it requested, in addition to other relief, an award of its attorneys' fees in-

curred "to redress [respondents'] unlawful acts." The court issued preliminary orders in prohibition and in mandamus. As part of its submission, Cottleville filed its attorneys' fee statement showing 31.7 hours spent prosecuting its case against respondents. It sought an award of those fees as a matter of equity or, alternatively, under the "collateral litigation" exception, arguing that its lawsuit against respondents was the "collateral" litigation.

On December 31, 2001, the trial court entered a judgment making the preliminary writs of mandamus and prohibition permanent; it also denied injunctive relief with respect to future annexation, and it awarded attorneys' fees to Cottleville. The trial court concluded that respondents had no standing or right to reject Cottleville's annexation ordinance under *St. Charles County v. City of O'Fallon,* 972 S.W.2d 327 (Mo.App.1998) (O'Fallon I) and *State ex rel. St. Charles County Counselor v. City of Cottleville,* 60 S.W.3d 651 (Mo. App.2001). The trial court awarded attorneys' fees based on its conclusion that Cottleville was forced to bring the pending action as "collateral litigation" because respondents breached their duty to accept and process the annexation ordinance under *O'Fallon I.*

 The only issue remaining on appeal is whether the trial court erred in awarding attorneys' fees.[1] Missouri follows the "American Rule" which generally provides that, absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear the expense of his or her attorneys' fees. *David Ranken, Jr. Tech. Inst. v. Boykins,* 816 S.W.2d 189, 193 (Mo. banc 1991) (overruled on other grounds). The exceptions are limited to those cases involving "special circumstances," as represented in *Bernheimer v. First Nat. Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745 (1949) (*see Mayor, Councilmen & Citizens, Etc. v. Beard,* 636 S.W.2d 330, 331 (Mo. banc 1982)), or "very unusual circumstances," where necessary in equity to balance the benefits. *Washington Univ. v. Royal Crown Bottling,* 801 S.W.2d 458, 468–69 (Mo.App.1990). In addition a plaintiff may, in a separate cause of action for a defendant's breach of duty, recover as damages attorneys' fees expended in a different action brought by a third party when the collateral litigation was caused by the defendant's breach of duty. *Ranken,* 816 S.W.2d at 193; *Stavrides v. Zerjav,* 927 S.W.2d 486, 492 (Mo.App.1996). This is known as the "collateral litigation" exception. Unlike the other exceptions, the collateral litigation exception does not allow the party to recover its fees expended in the action in which the judgment is being rendered, but rather it allows a party to recover its fees expended in collateral litigation.

 The American Rule applies to prohibition actions. *State ex rel. Duddy v. Lasky,* 451 S.W.2d 352, 356 (Mo.App.1970). It is likewise applicable to mandamus actions unless relator has made a false return, in which case Section 529.060 RSMo (2000) allows recovery of attorneys' fees as damages. *State ex rel. Raine v. Schriro,* 914 S.W.2d 56, 58 (Mo.App.1996). Cottleville did not plead the making of or establish a false return in this case. Therefore Cottleville is not entitled to fees under Section 529.060. *Id.* at 59.

 The only basis on which Cottleville argues that it is entitled to fees is pursuant to the collateral litigation excep-

---

1. St. Charles County filed a brief containing seven points on appeal, but since abandoned six of those points as a result of the opinion handed down in *City of O'Fallon v. St. Charles County et al.,* 81 S.W.3d 662 (Mo.App.2002) (O'Fallon II).

tion. As we have stated, the collateral litigation exception allows a plaintiff, in a case alleging a breach of duty against a defendant, to recover the attorneys' fees plaintiff expended to defend a different and collateral action brought by a third party, when the collateral action was caused by the defendant's breach of duty. Thus, "where ... the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorneys' fees necessarily and in good faith incurred in protecting himself from the injurious consequence thereof are proper items of damages." *Johnson v. Mercantile Trust Company National Ass'n*, 510 S.W.2d 33, 40 (Mo.1974). Accordingly, where a defendant's breach of duty has caused a plaintiff to expend attorneys' fees in collateral litigation with a third party, that plaintiff may recover those attorneys' fees as an item of damages in the plaintiff's lawsuit against that defendant. *Stavrides*, 927 S.W.2d at 492 (plaintiff in conversion action against defendant could recover as damages the attorneys' fees plaintiff expended to defend indemnity action brought against plaintiff by a third party as a result of defendant's conversion); *O'Neil Lumber Co. v. Allied Builders Corp.*, 663 S.W.2d 326, 331 (Mo.App.1983) (general contractor could recover from escrowee the attorneys' fees it expended defending claim against it by subcontractor arising out of escrowee's failure to honor contractor's payment requests). To be recoverable as damages under this exception, the plaintiff must have incurred the fees as a result of litigation with a third party. *Reed v. Reed*, 10 S.W.3d 173, 181–82 (Mo.App.1999); *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 340 (Mo.App.1991); *Ohlendorf v. Feinstein*, 697 S.W.2d 553, 556 (Mo.App.1985).

In this case the trial court awarded attorneys' fees that Cottleville incurred in litigating its claims against respondents in the present lawsuit; these were not attorneys' fees that Cottleville incurred litigating with a third party as a result of a breach of duty that respondents owed Cottleville. Accordingly, the collateral litigation exception does not apply. *Reed*, 10 S.W.3d at 182; *Brown*, 820 S.W.2d at 340. The "collateral litigation" exception does not permit Cottleville to recover its fees expended litigating this case.

That portion of the judgment awarding attorneys' fees is reversed. Cottleville's motion for attorneys' fees on appeal is denied.

PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR., J. concur.