STATE of Missouri, ex rel. the KANSAS CITY SOUTHERN RAILWAY COMPANY, and Gateway Western Railway Company, Relators,

v.

Honorable Michael DAVID, Circuit Judge, Division I, Circuit Court of The City of St. Louis, Respondent.

No. ED 82696.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

May 6, 2003.

Paul M. Brown, Anthony L. Franks, Thompson Coburn LLP, St. Louis, MO, for appellant.

Kevin T. Hoerner, Becker, Paulson & Hoerner, Belleville, IL, for respondent.

LAWRENCE G. CRAHAN, Judge.

Relators, The Kansas City Southern Railway Company and Gateway Western Railway Company ("Relators"), filed a petition for a writ of prohibition directing Respondent to transfer venue of the underlying case, Cause No. 022–00148, to Saline County, Missouri. After reviewing the suggestions filed in support and in opposition, we issued our preliminary writ directing Respondent to file his answer to the petition on or before April 11, 2003, stating that a failure to do so would result in a judgment by default against him for the relief demanded in the petition. The preliminary order further directed Respondent to take no action in the underlying matter until further notice.

Respondent did not file an answer to the petition on or before April 11, 2003. Accordingly, we find Respondent to be in default and enter judgment making permanent the preliminary order in prohibition. *State ex rel Hayes v. Forder,* 973 S.W.2d 555, 556 (Mo.App.1998).[1] Respondent is directed to transfer Cause No. 022–00148 to the Circuit Court of Saline County.

ROBERT G. DOWD, JR., P.J., and GLENN A. NORTON, J., Concur.

---

1. Although we resolve this case based on Respondent's default, we reject Respondent's contention in his suggestions in opposition that he had the discretion to deny Relator's motion based on the Plaintiff's reply, which was filed well after the ten days allowed for a reply by Rule 51.045(b). Once that period expired, Respondent had no discretion to deny the motion and his duty to grant it became purely ministerial. *See State ex rel. Vee–Jay Contracting Co. v. Neill,* 89 S.W.3d 470, 472 (Mo. banc 2002).