

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| CITY OF KANSAS CITY, MISSOURI, | ) | *Opinion issued January 17, 2017* |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC95368 |
| | ) | |
| KANSAS CITY BOARD OF ELECTION | ) | |
| COMMISSIONERS, ET AL., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| REV. SAMUEL E. MANN, ET AL., | ) | |
| | ) | |
| Appellants. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable Justine E. Del Muro, Judge

The City of Kansas City (the "City") filed this action seeking to have the trial court order the Kansas City Board of Election Commissioners and other local election authorities serving the City (collectively, the "Local Election Authorities") to remove from the November 3, 2015, ballot a proposed ordinance establishing a minimum wage for Kansas City. The City claims that the ordinance – if enacted – would contradict a state statute. Reverend Samuel Mann and other individuals (collectively, the "Committee") had proposed this ordinance using the initiative petition provisions of the Kansas City Charter. The Committee intervened in the City's action to argue that the

proposal should remain on the ballot and now appeals the trial court's judgment ordering that the measure be removed. The Committee claims that the statute cited by the City is unconstitutional. This Court has jurisdiction over the Committee's appeal under article V, section 3, of the Missouri Constitution. The trial court's judgment is reversed on the ground that the City's claim and the Committee's claim are premature. Accordingly, the City is ordered to take all steps necessary to have the Committee's proposed ordinance placed before City voters in accordance with the City Charter.

**Background**

Utilizing the initiative petition process set forth in the City Charter, the Committee gathered signatures for a proposed ordinance establishing a minimum wage for Kansas City and submitted that proposal to the Kansas City Council (the "City Council"). *See* Kansas City Charter §§ 701-02. When the City Council failed to adopt the proposed ordinance, the Committee exercised its right under the Charter to insist that the proposal be submitted to City voters. *Id*. §§ 702-03. On August 20, 2015, the City Council directed the city clerk to give notice to the Local Election Authorities that the proposed minimum wage ordinance should be submitted to City voters on November 3, 2015, at a special election to be called for that purpose.

On September 18, 2015, the City filed a "Petition for Removal of a Ballot Question Pursuant to § 115.127.3 [RSMo Supp. 2013]," seeking a court order directing the Local Election Authorities to remove the proposed minimum wage ordinance from the ballot. In support of this petition, the City argued that – if adopted – the proposed

2

ordinance would be invalid because it would conflict with section 285.055,[1] which prohibits local governments from enacting (after August 28, 2015) local minimum wage requirements greater than those imposed by state and federal laws. The validity of the proposed minimum wage ordinance under section 285.055 is the sole basis asserted in the City's petition for removing the proposal from the ballot.

On September 22, the Committee sought and was granted leave to intervene. In its answer, the Committee asserted an affirmative defense that section 285.055 would not render the minimum wage ordinance (assuming the voters approved it) invalid because House Bill 722, by which the General Assembly had enacted section 285.055, was unconstitutional. On September 24, a bench trial was held. Because the facts were not disputed, the proceedings focused on the parties' legal arguments.

The City argued that, if the local minimum wage proposal were approved by City voters, the resulting ordinance would be invalid because it would conflict with section 285.055. The Committee responded that section 285.055 is invalid – not the proposed minimum wage ordinance – because section 285.055 was enacted as part of House Bill 722, which it claims violated the single subject and clear title requirements (and the change of purpose prohibition) in article III, sections 21 and 23 of the Missouri Constitution. But the Committee argued that the trial court should reject the City's petition without reaching the Committee's constitutional challenge to section 285.055 because that challenge, and the City's challenge to the validity of the proposed minimum

---

[1] Section 285.055 took effect following the General Assembly's override of the governor's veto of House Bill 722 (2016).

wage ordinance, are not ripe unless and until the City voters approve that ordinance. Only then, the Committee argued, would it be proper for a court to consider whether the ordinance was preempted by section 285.055 and whether section 285.055 had been enacted in violation of the various bill passage requirements in the Missouri Constitution.

On September 22, the trial court entered judgment for the City. The trial court declared that the proposed minimum wage ordinance "is inconsistent with [section 285.055] and is therefore unconstitutional, on its face. *See*, Missouri Constitution, article VI, § 19(a)."[2] Accordingly, the trial court ordered the Local Election Authorities to "strike or remove [the proposed minimum wage ordinance] from the November 3, 2015, ballot[.]" The Committee timely appeals.

## Analysis

## I.    This Court has exclusive appellate jurisdiction

Under article V, section 3 of the Missouri Constitution, this Court has exclusive appellate jurisdiction in all cases involving the validity of a state statute. The Committee contends that its appeal is properly before this Court because it timely and properly raised a constitutional challenge to the validity of section 285.055 in its answer. The City concedes that the Committee properly raised a constitutional challenge to the validity of

---

[2]  The trial court's judgment also declares that the proposed ordinance (if approved by the voters) would conflict with section 67.1571, RSMo 2000, which provides: "No municipality … shall establish, mandate or otherwise require a minimum wage that exceeds the state minimum wage." But the City did not invoke this statute in its petition, and the Committee did not challenge the constitutionality of this statute in its answer. More importantly, as explained below, even if section 67.1571 had been asserted by the City and challenged by the Committee, those issues – like the issues relating to section 285.055 – are premature unless and until the City's voters approve the proposed ordinance.

4

section 285.055 as an affirmative defense but argues that this Court does not have exclusive appellate jurisdiction because the trial court did not explicitly address the Committee's challenge in its judgment.

The City is correct that the trial court did not explicitly address and reject the Committee's affirmative defense in its judgment. But, by entering judgment for the City, the trial court is deemed to have reached – and rejected – the Committee's affirmative defenses, including its defense that section 285.055 was unconstitutional. *See State ex rel. State Highway Comm'n v. Wiggins*, 454 S.W.2d 899, 901-02 (Mo. banc 1970) (holding that "in the absence of evidence to the contrary, a general judgment for one party involves a finding in that party's favor on all issues properly before the court"). Therefore, this case properly falls within the exclusive appellate jurisdiction of this Court. *Boeving v. Kander*, 496 S.W.3d 498, 503 (Mo. banc 2016) ("[W]here any party properly raises and preserves in the trial court a real and substantial (as opposed to merely colorable) claim that a statute is unconstitutional, this Court has exclusive appellate jurisdiction over any appeal in which that claim may need to be resolved."). The fact that this Court does not, in resolving the appeal, reach the merits of the Committee's constitutional claim does not remove its appeal from this Court's exclusive appellate jurisdiction. *Id.*

II.    **Substantive challenges to the validity of the proposed ordinance are premature**

Even though the Committee raised a constitutional challenge to the validity of section 285.055 in the trial court, it argues here, as it did below, that it was premature for

5

the trial court to address either: (a) the City's argument that the proposed minimum wage ordinance would – if approved by the voters – be invalid because it would conflict with section 285.055; or (b) the Committee's argument that section 285.055 is invalid because House Bill 722 (which enacted section 285.055) violated article III, sections 21 and 23 of the Missouri Constitution. Instead, the Committee contends that both of these arguments must remain hypothetical – and, therefore, any judicial ruling on them would be merely advisory – unless and until the proposed ordinance is submitted to and approved by the City voters. If the voters reject the proposed minimum wage ordinance, these arguments never will need to be addressed. On the other hand, if the voters approve the proposal, a party with proper standing can then sue to enjoin its operation on the ground that the ordinance is invalid under section 285.055, and the City (or proper intervenor) can then assert that section 285.055 – not the new ordinance – is invalid because House Bill 722 was enacted in violation of article III, sections 21 and 23 of the Missouri Constitution.

To support its argument that preelection substantive challenges are premature, the Committee relies upon *State ex rel. Dahl v. Lange*, 661 S.W.2d 7 (Mo. banc 1983). There, this Court refused to consider preelection constitutional challenges to the substance of a proposed amendment to a city charter because it "could effectively enjoin the amendment from being placed on the ballot because of conjecture that it would be found unconstitutional if passed and adopted by the voters." *Id*. at 8. In response, the City contends that substantive challenges to a ballot proposition can be litigated prior to the election if the substantive defect – here, the conflict with section 285.055 – is clear on the face of the initiative proposal. *See Craighead v. City of Jefferson*, 898 S.W.2d 543,

6

545 (Mo. banc 1995) (Preelection substantive challenges are proper where the issue of law raised is "so clear or settled as to constitute matters of form.").

In *Boeving*, however, this Court rejected the approach exemplified by *Craighead* and adopted a bright-line test prohibiting preelection challenges to what a ballot proposal would do, if approved by the voters. Instead, after *Boeving*, preelection challenges are limited to claims that the procedures for submitting a proposal to the voters were not followed. *Boeving*, 496 S.W.3d at 511 (quoting *Brown v. Carnahan*, 370 S.W.3d 637, 645 (Mo. banc 2012) ("[T]his Court [will not] issue an advisory opinion as to whether a particular proposal, if adopted, would violate a superseding law of this state or the United States Constitution.") (emphasis omitted), and *Buchanan v. Kirkpatrick*, 615 S.W.2d 6, 12 (Mo. banc 1981) ("[A]t no place in either the Missouri Constitution or in the implementing statutes is any court granted the power to enjoin an amendment from being placed on the ballot upon the ground that it would be unconstitutional if passed and adopted by the voters.")).

> This Court should no more presume that the people will pass an unconstitutional measure than that their general assembly would do so but, where such issues arise with respect to a law enacted by the general assembly, they are given the full benefit and careful consideration that strict enforcement of issues such as ripeness and standing can produce, and only after (and if) it is enacted. Measures enacted through the initiative process deserve no less. To do otherwise is to "sacrifice the democratic process to the interest of judicial economy."

*Boeving*, 496 S.W.3d at 511 n.8 (quoting *Dahl*, 661 S.W.2d at 8).

There is no reason to adopt a different approach where the ballot measure concerns a proposed local ordinance or charter amendment rather than a proposed state

7

statute or constitutional amendment. Courts should no more prohibit City voters from considering this proposed minimum wage ordinance on the ground that it would (if approved) conflict with section 285.055 than they should enjoin the City Council from considering a bill addressing the same subject. Instead, in both cases, the proper course is to wait and see if the proposal is enacted before considering challenges to an ordinance's substance or effect.

The City does not contend that the Committee failed to meet all of the procedural requirements imposed by the City Charter for putting a proposed ordinance before the City voters by initiative petition. The City does not challenge the form of the Committee's petition, the sufficiency of the signatures gathered, the procedure used to submit the proposal to the City Council for its consideration, or the Committee's election to place its proposal before the City voters rather than accept the alternative approved by the City Council. Because all of the Charter's initiative petition provisions were followed (or, at least, because the City raised no challenges with respect to the Committee's compliance with them), there is no basis on which a court may prohibit the City voters from considering the proposed minimum wage ordinance. Challenges as to whether that ordinance – if approved by the voters – would be invalid under section 285.055, as well as constitutional challenges to the validity of section 285.055 itself, remain hypothetical unless and until the voters have adopted the measure. Then, but only then, may courts entertain such challenges.

**Conclusion**

For the reasons set forth above, the judgment of the trial court is reversed and the City is ordered to take all steps necessary to have the Committee's proposed ordinance placed before City voters in accordance with the City Charter.

_____
Paul C. Wilson, Judge

Breckenridge, C.J., Fischer, Stith, Draper and Russell, JJ., concur.