MARY W. SHEFFIELD, P.J.-OPINION AUTHOR
Sean Comerford and Sherry Mason ("Relators") filed a petition for a writ of mandamus requesting that "this Court enter a preliminary and then permanent order in mandamus commanding Respondent to rescind" an August 17, 2017 order that dissolved Relators' notice of lis pendens. Relators had filed the lis pendens as to multiple pieces of real property due to their claim in an underlying suit against Janice Comerford and Enterprise Real Estate, LLC, for, among other things, an equitable lien on the real properties. After this Court received suggestions in support and in opposition, we issued our preliminary writ ordering Respondent "to immediately set aside" his order of August 17, 2017, "which shall have the effect of reinstating [R]elators' notice of lis pendens, pending full resolution of this writ proceeding." Over a month later, Respondent complied, reinstating the lis pendens.
Our preliminary writ also ordered Respondent to file an answer to Relators' writ petition on or before September 5, 2017, but Respondent did not do so. Proceedings in mandamus in the court of appeals "shall be as prescribed in Rule 84.22 to Rule 84.26, inclusive, and this Rule 94." Rule 94.01.[1] A preliminary order in mandamus "shall order the respondent to file an answer within the time fixed by the order." Rule 94.05. "If a preliminary writ is issued, *132 an answer to the petition shall be filed within such time as the court specifies by order." Rule 84.24(d). Within that same time specified by the court, "any party in the underlying matter may file an answer to the petition, either individually or jointly with any other person filing an answer." Rule 84.24(d).
Respondent failed to file an answer to Relators' writ petition within the time fixed by this Court.[2] "Accordingly, we find Respondent to be in default and enter judgment making permanent the preliminary order" in mandamus. State ex rel. Kansas City S. Ry. Co. v. David , 105 S.W.3d 517, 518 (Mo. App. E.D. 2003) ; see also State ex rel. Hayes v. Forder , 973 S.W.2d 555, 556 (Mo. App. E.D. 1998) (making permanent a preliminary order in prohibition where Respondent was in default due to failure to file an answer as directed).[3]
Relators also argue that-should this Court rule in Relators' favor- they are entitled to damages and costs, including attorney's fees, because "Respondent's failure to file Respondent's Answer constitutes the filing of a false return and entitles Relators to recover their damages and costs, in such manner as they might do in a civil action for a false return" pursuant to Section 529.060, RSMo (2016).
Damages in a mandamus action are governed by Section 529.060, which provides:
In case a verdict shall be found for the person suing out such writ, or judgment be given for him on motion to dismiss, or by nihil dicit, or for want of a replication or other pleading, he shall recover his damages and costs, in such manner as he might do in a civil action for a false return, and the same may be levied by execution, as in other cases.
Section 529.060.
Missouri courts have interpreted this provision to mean that an award of damages is appropriate under Section 529.060 only if the respondent makes a false return. State ex rel. Raine v. Schriro , 914 S.W.2d 56, 58 (Mo. App. W.D. 1996). The concept of a false return harkens back to the procedure surrounding writs of mandamus at common law. Id. at 59 (citing Smith v. Berryman , 272 Mo. 365, 199 S.W. 165, 166 (Mo. banc 1917) ).
Schriro explained that the concept of a false return comes from the common law history of the writ of mandamus and that Berryman , after reviewing that history and the legislative history of Missouri's mandamus statutes, concluded that a successful relator has no recoverable damages "unless the respondent by making a false return, and thereby raising a false issue of fact, as contradistinguished from pure issues of law, puts the relator to vexation and expense in disproving such false issue of fact." Schriro , 914 S.W.2d at 59 (quoting Berryman , 199 S.W. at 166 ). "In such cases, and in no other, can a successful relator in mandamus recover damages." Berryman , 199 S.W. at 166. Finally, Schriro noted that even through [sic] Berryman was "interpreting prior versions of the mandamus statutes, the provisions of the statutes have remained substantially the same since their original enactment in 1825." Schriro , 914 S.W.2d at 59. The current version of [S]ection 529.060 has *133 remained unchanged since it was enacted in 1939.
State ex rel. Scherschel v. City of Kansas City , 470 S.W.3d 391, 401 n.3 (Mo. App. W.D. 2015) ; see also State ex rel. Dahl v. Lange , 661 S.W.2d 7, 8 (Mo. banc 1983) ("Relators' request for attorney's fees pursuant to [S]ection 529.060, RSMo 1978, is denied. Such damages may not be recovered under this section unless and until the respondent makes a false return.").
Relators provide no citation to authority, argument, or analysis for their bare conclusion that failure to file an answer should be treated as the equivalent of filing a false return under the statute. This Court cannot provide that argument for them without impermissibly acting as their advocate. Bishop v. Metro Restoration Services, Inc. , 209 S.W.3d 43, 46-48 (Mo. App. S.D. 2006). Moreover, it appears the purpose of the statute would not be served by equating Respondent's failure to file an answer with the affirmative filing of a false return-Relators only argument as to why they should be awarded damages-because Relators do not claim that Respondent has made any spurious factual allegations that have the effect of placing upon Relators the vexation and expense of disproving false issues of fact (which is the reasoning behind awarding damages for filing a false return). See Scherschel , 470 S.W.3d at 401 n.3. Accordingly, we find that Relators have not established their right to recover damages and costs under Section 529.060.
The preliminary writ is made permanent.
GARY W. LYNCH, J.-CONCURS
DON E. BURRELL, J.-CONCURS

Rule references are to Missouri Court Rules (2017).

Though permitted by rule to do so, none of the parties in the underlying matter filed an answer to Relators' writ petition. Neither Respondent nor the defendants in the underlying matter have filed a brief on appeal.

The parties have filed joint suggestions agreeing that this proceeding is moot as to three of the properties described in the notice of lis pendens, of which the parties are clearly aware.